THORNAL, Justice.
Appellant, who was plaintiff below, appeals from a decree confirming an Alabama divorce decree in favor of the appellee and cancelling a prior decree of the lower Court which awarded to the appellant-plaintiff separate maintenance.
On July 31, 1951, pursuant to a decision of this Court, Sorrells v. Sorrells, Fla.1951, 53 So.2d 645, the Judge of the Court of Record of Escambia County awarded to the appellant a weekly separate maintenance allowance to be paid by the appellee. On February 3, 1954, while the separate maintenance decree was still in effect, the appellee obtained a decree of divorce from the appellant in the State of Alabama. This decree was bottomed on constructive service and the appellant did not personally appear in the cause in the State of Alabama. The divorce decree merely dissolved and annulled the bonds of matrimony theretofore existing between the parties and in no way passed upon the preexisting Florida separate maintenance decree or any property rights between the parties. On March 6, 1954, appellant filed in the Court of Record of Escambia County, Florida, a petition alleging delinquency in the payment of the separate maintenance allowance granted to her by the Florida decree. A rule nisi in contempt was issued against the appellee-husband and he was placed under a $1,000.00 ne exeat bond.
At the hearing on the rule nisi the husband resisted the petition on the sole ground that he had been granted a decree of divorce in the State of Alabama, that this decree was entitled to full faith and credit in Florida under the Constitution of the United States and that the bonds of matrimony having been dissolved,1 he was thereby released from any and every obligation, past and present, growing out of the marital relationship including the obligation established by the Florida separate maintenance decree.
The cause was heard by a Commissioner who ruled, in favor of the appellee. The ruling of the Commissioner was confirmed and approved by the Judge of the Court of Record of Escambia County, Florida. The decree from which this appeal is taken extended to the Alabama divorce decree full faith and credit in Florida and further held that the effect of the Alabama decree was to cancel and annul the right of the appellant-wife to collect alimony or separate maintenance under the preexisting decree of the Florida court. The writ of ne exeat was discharged and the bond was cancelled.
Appellant contends that the Alabama divorce decree was invalid for the alleged reason that the Alabama court lacked jurisdiction because the appellee here, who was the plaintiff in that proceeding, was not a bona fide resident of Alabama when he instituted the divorce proceeding in that state. It is further contended on behalf of the appellant that regardless of the validity of the Alabama decree, the rights of the appellant under the preexisting Florida separate maintenance decree could not be adversely affected, on the theory that the Alabama decree was grounded on constructive service, that the *686 Court did not obtain jurisdiction over the person and property rights of the present appellant and, therefore, could not and actually did not dispose of appellant’s rights under the separate maintenance decree. In other words, appellant urges us to recognize the doctrine of “divisible divorces” which we hereafter discuss.
Appellee, on the contrary, contends that the Alabama decree was valid, that it put an end to the marriage relationship between the parties and that when the bonds of matrimony were severed all incidents of marriage, including the right of the wife to alimony and separate maintenance under the prior Florida decree, were thereby automatically terminated.
We have carefully examined the enlightening briefs of both parties. We fail to find any reference to the decision of this Court in Pawley v. Pawley, Fla.1950, 46 So.2d 464, 472, 28 A.L.R.2d 1358, certiorari denied 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed 632. In fairness to the trial Judge, therefore, we feel justified in assuming the probability that our decision in the Pawley case was, through oversight, not brought to his attention when he entered the decree from which this appeal was taken.
In Pawley v. Pawley, supra, the Florida Court aligned itself with those authorities including the Supreme Court of the United States that recognize and approve the doctrine of so-called “divisible divorces”. In an exhaustive opinion, prepared by Mr. Justice Hobson, this Court stated:
“As we use and understand the term ‘divisible divorce’ it is a vocable which was invented in recognition of the fact that a divorce, strictly speaking, is a dissolution of the marital status and may or may not extinguish all of the obligations of the husband originally created by the common law as incidents thereof, including the duty to support his former wife.”
In the same case we further held:
“Our ruling in this respect is not dependent upon a determination that the divorce is not absolute or valid as a dissolution of the marital status but rests upon the just and equitable recognition of the fact that the defendant wife under such circumstances has not had her day in court, or an opportunity in truth and in fact to be heard, upon the subject of her right to alimony which (perhaps unlike the inchoate right of dower) is not of necessity destroyed by a divorce decree predicated entirely upon substituted or constructive service. The personal obligation of the husband to support his wife, which devolves upon him at the time of marriage, can survive divorce and ofttimes does, as for example in those divorce actions wherein permanent alimony is awarded. It is not a particularly novel — certainly not an awe inspiring — step to add that the power to adjudicate the former wife’s right to permanent alimony (which was not invoked by the appellant or ever, down to this very hour, exercised by any court) also survives a divorce when that divorce is granted without a consideration of the defendant wife’s right to alimony and in an ex parte proceeding bottomed only upon constructive service.”
Adhering to our ruling in Pawley v. Pawley, supra, therefore, we now hold that regardless of its validity, the Alabama divorce decree, which merely purported to sever the bonds of matrimony and which was founded upon constructive service, absent the personal appearance of the wife, could not and did not in any way adversely affect the rights of the appellant-wife under the pre-existing Florida separate maintenance decree.
In view of this holding we find it unnecessary to pass upon the question of the validity of the Alabama decree.
The decree appealed from is, therefore, reversed, with directions that the cause proceed in accordance with this opinion.
DREW, C. J., and THOMAS and HOB-SON, JJ., concur.