CARROLL, CHAS., Chief Judge.
The appellant, Sue Klein, who will be referred to as the wife, obtained in Bronx County, New York, on March 14, 1951, a final decree against the appellee, Ralph R. Klein, then a Florida resident, who will be referred to herein as the husband, which decree granted the wife a divorce and ordered the husband to pay her $50 per week for alimony and for the support of their two minor children.
Following the divorce both parties remarried. The date of remarriage of the wife is not shown, but in July of 1957 the wife sought and obtained in the New York court a modification of the decree to provide that the $50 per week should be entirely for child support, and determining the arrears under the decree to be $8,310. The New York court, based on that finding, entered judgment in favor of the wife against the husband for such arrears.
The wife then filed a suit in the circuit court in Dade County, Florida, seeking to have the local court, at the place of residence of the husband, adopt the New York decree, as modified, as a decree of the court here, and to apply its equitable remedies for the enforcement thereof. On final hear *856 ing, the chancellor refused to enforce the New York judgment for arrears, finding that decree for alimony and support had been obtained under circumstances amounting to trickery and fraud on the husband. Such holding is not without support on the record, and that portion of the decree is affirmed. See Restatement, Conflict of Laws, § 440.
Appellant argued that the court erred in trying an issue of fraud in the procurement of the decree for alimony and support, when that defense was not included in the answer. Trial of an issue not raised by the pleadings is given approval by rule 1.15(b), 1954 Fla.R.C.P., 30 F.S.A., and the appellant has not shown that the chancellor abused his discretion in overruling the objection which appellant made to the introduction of evidence on such issue at the trial.
The chancellor’s refusal to grant the requested relief was also based on other equitable defenses presented by the husband. See Sackler v. Sackler, Fla.1950, 47 So.2d 292, 295; Haas v. Haas, Fla.1952, 59 So.2d 640, 643. Cf. Selinsky v. Selinsky, Fla.1952, 62 So.2d 24.
The record discloses that the husband, who had been paying $25 per week for support of the children, was agreeable to having the Dade County Circuit Court enter a decree for that amount, and the wife’s counsel moved the court to enter an order for continuing and future support. The chancellor was of the opinion that he could not enter such an order for payment of future child support without thereby recognizing validity of the New York judgment for support which he found was procured by fraud. The evidence of fraud went only to the part of the New York suit and its decree which related to the allowances to the wife of amounts of alimony and support, and did not relate to the part of the decree which granted the wife a divorce from the husband.
Thus, in moving for an order for future payments of child support, the plaintiff wife was in the position of one who having obtained a divorce in a foreign state based on substituted service, comes into the state of domicile of the defendant husband and there sues him for support, under the doctrine of divisible divorce. See Pawley v. Pawley, Fla.1950, 46 So.2d 464, 28 A.L.R.2d 1358;. Sorrells v. Sorrells, Fla.1955, 82 So.2d 684. Cf. Armstrong v. Armstrong, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705; Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456. It would not have been inconsistent for the court, while finding reason to deny equitable enforcement of the New York decree for past-due support, to order payment of future child support, in such amount as the chancellor should determine, based on his consideration of the respective needs and abilities of the parties. Pawley v. Pawley, supra. Therefore, the feature of the decree denying the appellant’s application for an order for future child support is reversed, and the cause is remanded for further proceeding thereon.
Affirmed in part and reversed in part.
HORTON, J., concurs.
PEARSON, J., concurs in part and dissents in part.