SHARP, Judge,
concurring specially.
I agree with the result in this case: the court’s order requiring appellant to pay child support should be stricken. But, beyond that this court should not go. The issue of paternity was not tried in this case in such a manner as to be binding on the child, appellee, or any other party. I write this special concurrence to demonstrate that this is the situation in this case, all hyperbole in the majority opinion notwithstanding.
This was a typical ex parte dissolution case. Appellant/husband was living in Florida; his wife (appellee) and purported child were living in New Jersey. Appellee was served in New Jersey, pursuant to the Florida long-arm statute.[1] She did not appear in this case at any stage, nor was she represented by counsel below or on appeal. *1282 Nor did appellee file any pleading or “answer” which might subject her to the jurisdiction of the Florida court.
A default was entered against appellee on April 9, 1985. On April 10, 1985, the court filed a letter from appellee, which the majority opinion calls an “answer.” However, this is an erroneous characterization. Appellee’s letter was written and mailed from New Jersey; and it was addressed to appellant’s attorney. In the letter appellee said there were “no children” of this marriage. The appellant’s attorney then mailed the letter to the court, without any authority to do so. This fact is demonstrated by the envelope attached to the letter which shows it was mailed in Orlando, and which bears the return address of appellant’s attorney, Greenberg & Lester, 292 U.S. Highway 17-92, Fern Park, Florida.
It is well established in Florida that in. an ex parte dissolution case where one party resides outside of Florida, and that party does not appear in the suit, the Florida court has jurisdiction solely to grant the divorce. It cannot determine support obligations, nor determine property rights between the parties; nor can it make a binding determination concerning the paternity of a non-resident child. See Sorrells v. Sorrells, 82 So.2d 684 (Fla.1955); Kruvand v. Kruvand, 59 So.2d 857 (Fla.1952); Pawley v. Pawley, 46 So.2d 464 (Fla.), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950); Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982); Hunter v. Hunter, 359 So.2d 500 (Fla. 4th DCA), cert. denied, 365 So.2d 712 (Fla.1978); Ciociola v. Ciociola, 302 So.2d 462 (Fla. 3rd DCA 1974); Storer v. Storer, 305 So.2d 212 (Fla. 3rd DCA 1974), cert. denied, 346 So.2d 994 (Fla.), cert. denied, 434 U.S. 955, 98 S.Ct. 482, 54 L.Ed.2d 314 (1977); Klein v. Klein, 113 So.2d 855 (Fla. 3rd DCA), cert. denied, 116 So.2d 773 (Fla.1959). The determination of the paternity of this child in this case must be left to another day and another court with jurisdiction over the parties.

. § 48.193, Fla.Stat. (1983).