59 So.2d 857 (1952)
KRUVAND
v.
KRUVAND.
Supreme Court of Florida, Division A.
July 11, 1952.
*858 H.P. Osborne, Jr., and Mark Hulsey, Jr., Jacksonville, for appellant.
Rothstein & Warren, Jacksonville, for appellee.
THOMAS, Justice.
The appellant filed a bill of complaint in which she prayed that the appellee, her former husband, be required: to pay her money due under a decree and incidental judgment entered in New York, to disclose information relative to his financial condition, to pay costs and fees. In other words, she asked that the New York decree be established and enforced in Florida, The bill was dismissed on motion and this appeal followed.
We consult the bill now to see what facts are alleged to support the prayers.
The parties were living in New York in 1939 when the wife sought in the Supreme Court of that state a decree of separation from the bed and board of the husband.
On 20 December 1940, a decree was entered forever separating her from the defendant and awarding her a certain amount each week for support and maintenance. The decree also required the defendant to pay an additional amount weekly to liquidate the alimony that had accumulated during the suit, and to compensate the plaintiff's attorney.
While this litigation was pending and while the appellee was in default for failure to comply with the order for payments of temporary alimony, he departed for Jacksonville, Florida, and there brought suit, 25 June 1940, for divorce from the wife on the grounds of desertion and cruelty. Service was attempted by publication and by mailing a copy of the notice to her at 832 Linden Boulevard, Brooklyn, although he later testified she lived at 832 Ringing Boulevard in that city.
He was awarded a decree in Florida 20 August 1940. The appellant knew nothing of the whereabouts of the appellee or of the supposed divorce until 1945.
Meanwhile, in April 1941, a judgment was entered in the proceedings in the New York Court in favor of the appellant and against the appellee for the amount of the arrearages in alimony payments, and this judgment has not been satisfied. In September, 1950, she was awarded another judgment by the same court. This one, too, remains unpaid.
We won't undertake to pass on the validity of the first judgment as affected by the statute of limitations as appellee requests, because we are presently concerned with the propriety of dismissing the bill on motion, and even if one judgment was invalid, which we do not decide, the bill should not have been dismissed if the other was good.
It seems to be appellee's position that the appellant was divested of any right under the judgments entered in the separation suit in New York because a decree of divorce was granted in Florida without provision for alimony and that settled for all time the husband's debts for alimony, which had been reduced to judgment and, we suppose, all obligations accruing afterward. The problem is not so simple as that.
The appellee was a party to the suit in New York in which the judgments were entered. While he was such a party and between the time the orders for alimony, basis of the judgments, were entered and the time the decree on the main question, the final decree, was signed he moved to Florida, instituted suit for divorce, and secured a decree. We are immediately concerned with a husband's being able by such shenanigan to shrug off his duty to his wife and children, not to mention his responsibility to a court that had jurisdiction of his person and the subject-matter of the suit.
We held in Sackler v. Sackler, Fla., 47 So.2d 292, that a money judgment for alimony arrearages entered in New York under the same section of the Civil Practice Act of that state, we are told, as the judgments here involved, was entitled to full faith and credit in the Florida Court entitling the judgment creditor to remedies here for enforcement.
That decision would seem to settle this controversy unless the intervening suit of the husband for divorce in this state in the circumstances, detailed in the bill would *859 affect the application of the rule and we think it would not. Pawley v. Pawley, Fla., 46 So.2d 464. We are not determining any distinction between alimony accruing before and that accruing after the challenged decree of divorce was entered. The mischief and injustice that would arise from a holding that a court having jurisdiction of the subject matter and the person of the husband who obviously had exclusive control of the family purse, could be ousted, citations for contempt for failure to obey order of that court evaded, and the obligation to support his dependents shirked, by fleeing to a foreign state and in a few short months securing a divorce by doubtful if not void notice, is apparent.
We conclude that the bill was not without equity so the order of dismissal is reversed with directions to reinstate the cause.
Reversed.
SEBRING, C.J., and HOBSON, J., and DICKINSON, Associate Justice, concur.