108 So.2d 492 (1959)
Bernice M. BROWN, Appellant,
v.
Henry W. BROWN, Appellee.
No. 722.
District Court of Appeal of Florida. Second District.
January 23, 1959.
Robert W. Wilson and William W. White, Jr., Clearwater, for appellant.
John R. Bonner, of Wolfe & Bonner, Clearwater, for appellee.
SMITH, FRANK A., Associate Judge.
Appellant, plaintiff below, instituted an action and received an absolute divorce from the appellee by a decree entered on June 4, 1938. The decree provided for appellant to have custody of the two minor sons of the parties and ordered appellee to pay $15.00 a week as alimony and support for the two children. That same year appellee began to default in these payments, either in part or in whole, and in 1940, appellant applied for a contempt citation and had appellee served. However, a meeting was arranged with her lawyer and she agreed to accept a reduced amount from appellee, at least for the time being. No change was made in the final decree. Payments *493 were thereafter made in varying amounts until 1946, when the sons started to work in appellee's business. At that time there was some sort of "family agreement" that if the sons received an interest in the business, appellant would forego her claim under the decree. Appellant was aware of this agreement between appellee and the sons. Thereafter the sons worked for appellee for a salary, and in 1953, appellee incorporated his business and each son was given a 24% share of the stock, with appellee retaining the controlling 52%.
In 1948 appellant petitioned for an order allowing her to obtain the cash surrender value of a life insurance policy in her possession. Appellee did not contest this, but signed a waiver of any rights in the policy, as did the two sons.
In 1957 appellee retired, selling his remaining 52% interest in the business to his sons on a small down payment and long term basis.
Shortly after this sale appellant instituted the present action by filing a petition for a rule to show cause why appellee should not be held in contempt, claiming $13,115.00 in back alimony and support and $10,059.00 in compound interest. Appellee answered, setting up the defenses of laches and estoppel, and citing as grounds therefor the long period of inaction by appellant, and the agreement concerning giving the sons an interest in the business. On these grounds appellee moved to quash the petition and proceedings, and the lower court, after taking testimony at two hearings, granted the motion.
After a careful reading and study of the testimony taken before the Chancellor, the Court finds that it fails to show that appellant entered into the alleged agreement with appellee that he should hire the boys to work in his business and give them an interest therein and because of such agreement and his performance thereof he should be relieved of payments to appellants under the decree. She was aware of the agreement between appellee and their sons and gave her implied consent thereto, also she was willing to refrain from pressing him for the payments until such time as he was able to resume payments as provided in the final decree.
The order quashing the order to show cause contains a finding that appellee had proven by a preponderance of the evidence that he had substantially complied with the agreement made by the parties relative to the support and maintenance of appellant and the two children, but this Court is unable to find evidence in the record to support the finding that the parties made such an agreement. While the order cannot be sustained on this ground, it is necessary to determine whether the order can be sustained on any other ground.
The defense of laches was interposed in appellee's answer and much of the evidence bears upon that defense.
Nothing was paid to appellant under the decree after the year 1946, during which year the payments aggregated only $180.00. Appellant made no demand for payment under the decree and instituted no proceeding for the enforcement thereof until 1957, soon after appellee sold his remaining interest in the business to the sons and retired from business. The question is whether the delay of approximately eleven years after appellee ceased making any payment before taking any action constituted laches.
The first essential to be considered is whether the delay under all of the circumstances results in injury or prejudice to appellee in the event relief is granted to appellant. The record shows that in reliance upon her acquiescence in his hiring and taking the boys into the business with him and his failing to make any payments, he proceeded to enter into his fourth marriage and to acquire children. Also he testified that he would not have disposed of his interest in the business and retired, except for his understanding that appellant would not make further demands upon him under the decree. The evidence is to the *494 effect that he has no income except the monthly payments from the sale of the business and that the entire amount of such payments is required to support himself and family and take care of fixed obligations he has.
The record has been closely examined to ascertain if it contains any explanation or excuse for this long delay to seek enforcement. Appellant's explanation is that appellee had made promises about taking the boys into the business which he was building up for them and which they would eventually have and she didn't want to jeopardize their position with him `that he might discharge the boys or it might reflect on them some way' so she didn't make any further demand from then on.
The appellee is shown to have been present in the County all the while, appellant knew of her rights and the procedure to be followed to obtain them, yet she refrained from acting. Under all of the circumstances shown, this Court cannot say that the Chancellor would not be justified in finding that appellant had been guilty of laches, so as to be barred from relief against appellee.
While it may seem ironical that the first of the four wives this appellee is shown to have had, and who bore him two worthy sons, and who struggled through hard days to provide for them and herself with but little assistance from the appellee who had taken a solemn vow to provide for them, should now in the evening time of her life and when he has progressed from poverty to a degree of prosperity, yet she must be denied in her effort to compel him to satisfy this long over-due obligation incurred through marriage vows taken more than thirty years ago and judicially recognized and decreed more than twenty years ago. It seems unfortunate that throughout the eleven year period beginning in 1946 that she refrained from any action looking toward enforcement of the obligation, but because she has done so without good excuse therefor, she must suffer the consequences.
The Chancellor heard all of the evidence and had the opportunity of passing upon the credibility of the witnesses and determining the weight of their testimony and it has not been demonstrated that he has abused his discretion and was in error in deciding that the equities were in favor of appellee, therefore the order will be affirmed.
In regard to assignment of error No. 5, complaining that the Court made no finding relative to continuing alimony and support due the plaintiff from the defendant herein, no such relief was sought in her petition for order to show cause, even if it may be assumed that it could have been.
When the Chancellor determined that the equities were with the appellee and that his prayer to quash and dismiss should be granted, nothing further was required.
The order of the Chancellor is affirmed.
KANNER, C.J., and SHANNON, J., concur.