PER CURIAM.
Defendant-appellant takes this interlocutory appeal to review the chancellor’s order denying her motion to order plaintiff to join as parties defendant beneficial owners of the subject property and granting plaintiff’s motion to dismiss defendant’s counterclaim.
Lawrence Nelson, the deceased, entered into two real estate ventures in which he purchased with other investors unimproved parcels of real estate, legal title to which was taken in his name, as trustee, without the beneficial owners named or the nature and/or purposes of the trust set forth. Many of the investors in these two ventures became coadventures and beneficial owners therein pursuant to a letter agreement which provided in part that upon the death of Lawrence Nelson, his attorney, plaintiff, would succeed Nelson as trustee. During his lifetime, Nelson sold all the real estate in both ventures and took back purchase money mortgages. After the death of Nelson, defendant, his wife, as executrix, continued to hold these mort *711 gages in trust. On April 4, 1973 plaintiff filed a complaint for declaratory relief in which he sought by virtue of the above letter agreement to have the court appoint him trustee of the mortgages held by defendant-appellant as executrix. Defendant filed an answer in which she incorporated a motion to compel the plaintiff to join as parties defendant the beneficial owners and other interested parties, and upon plaintiff’s failure to join them that his complaint be dismissed. In addition, she filed a counterclaim against the plaintiff for an accounting of funds confided and entrusted by Lawrence Nelson, during his lifetime, in the years 1955-1961, to the plaintiff as the deceased’s then attorney and counsel at law. In response thereto, plaintiff filed a motion to dismiss the counterclaim. The chancellor denied defendant’s motion to join as parties defendant the beneficial owners and dismissed defendant’s counterclaim with leave to amend. This interlocutory appeal followed.
Defendant-appellant raises two points on appeal, the second of which has merit, to wit: it was error to have dismissed her counterclaim because barred by the statute of limitations.
First, we note the counterclaim in the case sub judice is for an accounting which is equitable in nature and the rules of equity suits are applicable thereto. See Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799. Equity is not bound by the statute of limitations. 21 Fla.Jur. Limitation of Actions § 93 (1968). Thus, it was error to dismiss defendant’s counterclaim on the grounds it was barred by the statute of limitations. Cf. Browder v. DaCosta, 91 Fla. 1, 109 So. 448 (1925).
In granting or denying plaintiff’s motion to dismiss the counterclaim, the chancellor should have determined whether the defendant should be estopped by reason of his laches, which unlike the statute of limitations is compounded of time and circumstances. 21 Fla.Jur. Limitation of Actions § 95 (1958). Therefore, the delay in seeking relief must show a resultant injury or prejudice to the party against whom the relief is sought. 21 Fla.Jur. Limitation of Actions § 97 (1958). Having found no such delay or prejudice to the plaintiff in the case sub judice, the doctrine of laches would also be inapplicable. Cf. City of Stuart v. Green et al., 156 Fla. 551, 23 So.2d 831 (1945).
For the reasons stated hereinabove, we reverse that part of the chancellor’s order dismissing the counterclaim and' affirm that part of the order denying appellant’s motion to join parties defendant and to dismiss plaintiff’s complaint.
It is so ordered.