302 So.2d 462 (1974)
Catherine M. CIOCIOLA, Appellant,
v.
Sol J. CIOCIOLA, Appellee.
No. 74-63.
District Court of Appeal of Florida, Third District.
October 8, 1974.
Rehearing Denied November 18, 1974.
*463 Sandler & Sandler and Arthur S. Weitzner, Miami, for appellant.
Robert M. Brake, Coral Gables, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant is the divorced wife of the appellee. She brought a complaint in the Circuit Court of the Eleventh Judicial Circuit in which she alleged that she is a resident of Pennsylvania, that the parties were divorced in 1973, that she has custody of the three children of the parties, that she is without funds to pay for their support and the appellee is able to support his children. The judgment of divorce was not attached to the complaint as an exhibit. The appellee filed a motion to dismiss upon the ground "that this matter is solely within the jurisdiction of the court in Pennsylvania which entered the decree between the parties." The trial judge dismissed the complaint and this appeal followed. We reverse upon a holding that the complaint was sufficient to withstand the attack made by the motion to dismiss. See rule 1.100(d), RCP.
The only relevant portions of the record are the complaint, motion to dismiss and the order dismissing the complaint. The order dismissing the complaint did not give the plaintiff the right to amend. We therefore bypass any contention that it was the duty of the plaintiff to attach a copy of the judgment of divorce in order for the court to determine whether this is an action pursuant to § 61.14, Fla. Stat., or an action to enforce the common law liability of a father to support his children. In this connection it should be noted that the defendant has not answered the complaint nor has he set up any defensive matter growing out of the judgment of divorce.
Appellant seeks support here, both for herself and for the three children of her marriage to the appellee. Appellee is subject to the jurisdiction of the Florida courts in such a suit as this one. See Cassas v. Cassas, 73 Wyo. 147, 276 P.2d 456, 69 A.L.R.2d 187 (1954); and see Dimon v. Dimon, 40 Cal.2d 516, 254 P.2d 528 (1953) and Hudson v. Hudson, 52 Cal.2d 735, 344 P.2d 295 (1959) which overrules Dimon on grounds other than jurisdiction.
We think that it has been determined in Florida that a father has an enforceable obligation to support his children irrespective of a judgment of divorce. In Isaacs v. Deutsch, Fla. 1955, 80 So.2d 657, the Supreme Court held:
"There can be no doubt that the obligation of the father to support his minor *464 children is a `continuing' one, as contended by plaintiff. It exists irrespective of a divorce decree awarding their custody to the mother. Bezanilla v. Bezanilla, Fla., 1953, 65 So.2d 754. It may be enforced by the courts in a manner inconsistent with a contractual obligation such as that assumed by the father in the instant case. Nelson on Divorce and Annulment, 2d Ed., Sec. 15.58, p. 264. It may form the basis of a quasi-contract, implied by law, to compel the father to pay for the support and maintenance of his minor child by a third party, or by the mother after a divorce from the father, Ibid., Sec. 15.60, p. 266, and is sufficient consideration for an express contract to do the same."
See also Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754. And, as stated in State ex rel. Airston v. Bollinger, 88 Fla. 123, 101 So. 282 (1924),
"The father owes a duty to nurture, support, educate and protect his child, and the child has the right to call on him for the discharge of this duty. These obligations and rights are imposed and conferred by the laws of nature; and public policy, for the good of society, will not permit or allow the father to irrevocably divest himself of or to abandon them at his mere will or pleasure. Such, generally, is the admitted law of the case." 101 So. 282 at 283.
As to the question of support for the appellant herself, we find that the existence of the Pennsylvania divorce decree precludes the court from entertaining such an action where, as here, there is no dependence upon, nor any assertion of, any provisions of that decree.
Having determined that the motion asserting that the Florida court did not have jurisdiction is not a basis for the dismissal of the complaint, we reverse the order dismissing the complaint and remand the cause for further proceedings in accordance with the views herein expressed.
Reversed and remanded.