377 So.2d 798 (1979)
Mary Jean ARMOUR, Formerly Mary Jean Allen, Appellant,
v.
Robert S. ALLEN, Jr., Appellee.
No. NN-41.
District Court of Appeal of Florida, First District.
December 11, 1979.
*799 Donald G. Nichols of Dawson, Galant, Maddox, Sulik & Nichols, P.A., Jacksonville, for appellant.
William M. Layton, Lake Worth, for appellee.
BOOTH, Judge.
This cause is before us on appeal from the final judgment of the Circuit Court, Duval County, in a suit to increase child support ordered by an earlier decree of divorce; to require payment of arrearages due under the earlier judgment and to find appellee in contempt for failure to pay.
The facts, as determined by the trial court, are that the final decree of divorce dated February 3, 1965, ordered appellee to pay $15 per week child support; that the appellee paid the required payments until 1967 but thereafter made no payments; that in February of 1967 appellant and appellee agreed that the appellee would not be required to pay child support payments if he refrained from contacting the plaintiff and if he refrained from any attempt to visit with the child; that defendant has made no contact with the wife or child since the date of the alleged agreement and that at all times subsequent to the entry of the final decree of divorce has had the ability to pay the amount of child support ordered therein. The court further found that in reliance on the alleged agreement, the appellee has "changed his lifestyle and incurred certain debts based upon his income and known expenses, which did not include child support payments...." Based on these findings, the trial court ruled that appellant's claim for child support payments more than four years old is barred by the statute of limitations and that the remaining claim for arrearages in child support is barred by the doctrine of laches. The court determined that defendant was not in contempt because he had not willfully refused to pay.
We reverse that portion of the trial court's order which finds the claim for child support payments barred by the statute of limitations and laches, but affirm the trial court's refusal to find the husband in contempt.
At the outset, it must be noted that the existence of an agreement such as the trial court found to exist in this cause, purporting to relieve the husband of child support payments, may be a relevant factor going to the willfulness of the husband's failure to pay, but does not affect the obligation of child support as such. The law is clear that the parents may not contract *800 away the rights of their child for support. Neither may the mother waive the child's right to support by acquiescing in the father's non-payment of support. Child support is a right which belongs to the child. It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State. The rule is stated by the Supreme Court in State ex rel. Airston v. Bollinger, 88 Fla. 123, 101 So. 282, 283 (1924) and in Ciociola v. Ciociola, 302 So.2d 462, 464 (Fla. 3d DCA 1974), as follows:
"The father owes a duty to nurture, support, educate and protect his child, and the child has the right to call on him for the discharge of this duty. These obligations and rights are imposed and conferred by the laws of nature; and public policy, for the good of society, will not permit or allow the father to irrevocably divest himself of or to abandon them at his mere will or pleasure."
To like effect is the decision in Lang v. Lang, 252 So.2d 809, 812 (Fla. 4th DCA 1971), holding:
"[T]he basic right of the minor child to be supported by its parents is not affected by an agreement between the parties with respect to such obligations; `children are not chattels whose rights can be bargained away by parents'; such agreements will be evaluated with the best interest of the child as its criteria."
A number of cases recognize that claims for child support arrearages may be defeated by laches,[1] but rarely have the courts found the exceptional circumstances necessary to justify the application of that doctrine.[2] In all events the welfare of the child is paramount and in the absence of extraordinary facts or strongly compelling circumstances, the action or inaction of a parent will not give rise to a defense of laches barring enforcement of child support arrearages. A different rule applies as to alimony arrearages.
In Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946), a pre-divorce agreement set the amount of support for the wife and two minor children and was incorporated into the final judgment of divorce. The wife later sought modification to increase the amount of support and the husband answered, asserting that the agreement was binding on the rights of the parties. The Florida Supreme Court ruled that, while the wife was estopped by the terms of the agreement from claiming any relief on her own behalf, she was not precluded from obtaining increased child support, holding (26 So.2d at 179):
"We know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children, except possibly by a contract with the duly appointed Guardian ... when such contract ... shall have been ratified and approved by a court of competent jurisdiction."
More recently, in Gammon v. Cobb, 335 So.2d 261 (Fla. 1976), the Florida Supreme Court held:
"An illegitimate child's right to support cannot be contracted away by its mother. A release executed by her is invalid to the extent that it purports to affect the rights of the child. [citations omitted] The mother is merely the trustee to receive the funds and simply convert them into relief for the children. The obligation of support is for the benefit of the child. Being only a conduit, she has no right to control benefits due and owing to the child by its natural father... ." Id. at 266-67.
In the instant case, the trial court further relied upon the statute of limitations in barring claims for child support more than four years old. However, proceedings under Chapter 61, Florida Statutes for enforcement of support judgments are *801 equitable in nature and are not barred by the running of the statute of limitations. The general rule is as stated in Nelson v. Rever, 287 So.2d 710, 711 (Fla. 3d DCA 1974): "Equity is not bound by the statute of limitations." The Legislature has not seen fit to enact a statute applicable to the enforcement of support judgments. Unpaid installments of child support constitute a vested property right, enforceable as stated in Smithwick v. Smithwick, 343 So.2d 945, 947 (Fla. 3d DCA 1977):
"The right of the wife to payment of ... child support in arrears is vested and while it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary."
We hold that a mother may not contract away her child's right to receive support from its father, nor may she be found to have waived that right of support by failing to promptly enforce it. We further hold that the four-year limitation period of Florida Statute § 95.11(3)(p) does not apply to claims for child support. The remainder of the trial court's order is AFFIRMED and the cause REMANDED for further proceedings consistent herewith.
LARRY G. SMITH, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
While I agree with the majority that the statute of limitations does not apply to child support proceedings, I would affirm based on the trial judge's finding that the wife was barred by laches from seeking child support arrearages. "[E]nforcement of payment of arrears of child support or alimony is a matter resting in the sound discretion of the court to be determined on equitable considerations... ." Smithwick v. Smithwick, 343 So.2d 945, 947 (Fla. 3d DCA 1977).
In Brown v. Brown, 108 So.2d 492 (Fla. 2d DCA 1959), the trial judge found that the husband had not paid child support for eleven years because of an agreement with his two sons that they would work for him and acquire an interest in his business in exchange for the support payments. Because the wife acquiesced in the arrangement by seeking no support over eleven years, even though she knew the husband's address and of her rights, and because the husband showed he had sold the business to his sons and retired on a fixed income with his family relying on the fact that he was not liable for child support, the trial court held the wife's action was barred by laches. The wife had not shown an abuse of discretion in the chancellor's decision that the equities favored the husband. Brown, supra at 494. Here, the trial judge made similar findings which justify imposing the doctrine of laches on the wife. The trial judge found that the wife had shown no excuse for failing to enforce the right to child support arrearages for approximately eleven years and that the husband would be prejudiced by enforcement of the right at this time because he had incurred debts in reliance upon the oral agreement that child support would not be required. The wife has shown no abuse of discretion in the trial judge's findings and none is apparent on the record. Our judgment should not be substituted for that of the trial court on a matter within the trial court's discretion.
NOTES
[1] Mendel v. Mendel, 257 So.2d 293 (Fla. 3d DCA 1972); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974).
[2] Brown v. Brown, 108 So.2d 492 (Fla. 2nd DCA 1959); Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967).