416 So.2d 520 (1982)
Merlo WINLAND, Appellant,
v.
Henrietta WINLAND, Appellee.
No. 81-2148.
District Court of Appeal of Florida, Second District.
July 9, 1982.
Herb Blessing, Bradenton, for appellant.
Scott M. Brownell of Brownell & Farrance and William H. Garland, Bradenton, for appellee.
DANAHY, Judge.
The husband appeals from a final judgment adopting and establishing, as Florida judgments, two orders entered in Ohio divorce proceedings pertaining to the husband and the wife. We reverse as to one of the Ohio orders but not as to the other.
The husband and wife were married and resided in Ohio. In 1972, the wife instituted divorce proceedings in Ohio. In those proceedings, an order was entered in 1972 directing the husband to pay $35.00 per week to the wife for her support.
The husband moved to Florida in December of 1972 and has resided here since that time. Up until the time the instant proceedings were instituted, the husband had made no support payments as required by the 1972 Ohio order.
*521 The husband filed a dissolution of marriage action in Florida and obtained a final judgment dissolving the parties' marriage in January of 1978. The wife was not personally served with process in that action and did not appear.
On February 23, 1981, the wife obtained a judgment or order in Ohio establishing arrearages of $14,500 under the 1972 Ohio order.[1] In March of 1981, the wife filed this action to establish the two Ohio orders as Florida judgments. The husband raised defenses of the statute of limitations and laches. The trial judge rejected those defenses and entered a final judgment adopting and establishing both the 1972 and 1981 Ohio orders as Florida judgments. This appeal by the husband followed.
The husband challenges the final judgment on two grounds. First, he argues that both the 1972 and 1981 orders of the Ohio court are barred by limitations or laches under the provisions of section 95.11(2)(a), Florida Statutes (1981). That statute requires that an action on a judgment or decree of another state must be commenced within five years. Recognizing that, as to the 1972 Ohio order, the matter is one cognizable in equity, the husband calls our attention to subsection (6) of section 95.11. That section provides that laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter. As to the 1981 Ohio order, the husband argues that it merely represents a calculation based on the 1972 order and should be barred by limitations or laches because the 1972 order is so barred.
The husband also argues that the 1972 Ohio order cannot survive the dissolution of the parties' marriage obtained by the husband in Florida. That point has been decided squarely against the husband by the Florida Supreme Court in Kruvand v. Kruvand, 59 So.2d 857 (Fla. 1952). We find no merit in the husband's position in this respect.
We agree with the husband, however, that the 1972 Ohio order is barred by Florida's statute of limitation or laches. Accordingly, we reverse the final judgment to the extent that it established the 1972 order as a Florida judgment.
With respect to the 1981 Ohio order, the result is different. That order clearly is not barred by section 95.11(2)(a). We reject the husband's argument that the 1981 order should be barred because the 1972 order is barred. Florida courts are required to give full faith and credit to judgments of courts of other states, including judgments for arrearages in alimony. Sackler v. Sackler, 47 So.2d 292 (Fla. 1950). Full faith and credit is required even though the cause of action underlying the judgment of the sister state would be barred under the statute of limitations or laches of the forum state. Broday v. Broday, 360 So.2d 645 (La. Ct. App. 1978). Thus, the 1981 Ohio order is entitled to recognition in this state notwithstanding that it is based on a prior Ohio order which is barred by our statute of limitations or laches.
For the foregoing reasons, we reverse that part of the final judgment establishing the 1972 Ohio order as a Florida judgment. We affirm that part of the final judgment establishing the 1981 Ohio order as a Florida judgment.
REVERSED in part, AFFIRMED in part, and REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.
NOTES
[1] We note that the husband was represented in the Ohio proceedings which produced the 1981 order, as well as in the 1972 proceedings.