424 So.2d 970 (1983)
Lourdes Arguello O'BRIEN, Appellant,
v.
Daniel A. O'BRIEN, Appellee.
No. 82-1332.
District Court of Appeal of Florida, Third District.
January 11, 1983.
Wolf & Shane and Michael Wolf, Miami, for appellant.
Palmer & Lazar and Bruce Lazar, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
In this appeal, Lourdes O'Brien questions the propriety of the trial court's order adopting the general master's recommendation that she be denied child support payments for the four and one-half-year period she supported the parties' only child. She seeks to recover child support for the period between the filing of dissolution proceedings and the entry of the court order granting her child support. We disagree with the finding that Mrs. O'Brien had relinquished her claim and reverse.
The parties were married in 1970 and have a minor child born of the marriage. In 1977, the husband filed a petition for dissolution of the marriage but failed to mention the existence of the child. Accordingly, the Final Judgment of Dissolution contained no provision for child custody or support. The wife, who resided in Guatemala, did not learn of the action until approximately *971 six months after the final judgment had been entered. When the wife moved to Miami in 1981, she filed a petition seeking child support. Subsequently, she amended her petition in an attempt to recover back child support for the period between the filing of the petition for dissolution and the filing of her petition for support. The court entered an order requiring the husband to pay $75 per week for child support and granting him visitation privileges. Prior to that time, the wife had refused to allow visitation. After the entry of the court order, however, Mrs. O'Brien permitted the husband to visit the child.
The question of back child support was referred to a general master, who recommended denial of the wife's claim based upon her refusal to permit the husband to visit the child and upon a finding that she had waived her claim through inaction. The wife filed exceptions to the general master's report, but the trial court adopted the report. This appeal ensued.
Mrs. O'Brien discharged her husband's child support obligation for four and one-half years. She is thus entitled to reimbursement for the husband's proportionate share of the dual support obligation, See Variety Children's Hospital v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980); Plant v. Plant, 20 Ill. App.3d 5, 312 N.E.2d 847 (1974); Brown v. Brown, 269 N.W.2d 819 (Iowa 1978), unless she relinquished her right to be reimbursed by failing to pursue her claim or by refusing to permit visitation.
Waiver is an affirmative defense which may be established only by proving the intentional relinquishment of a known right. See Opler v. Wynne, 402 So.2d 1309 (Fla. 3d DCA 1981), review denied, 412 So.2d 472 (Fla. 1982). Mere delay is insufficient to support waiver. Mercede v. Mercede Park Italian Restaurant, Inc., 392 So.2d 997 (Fla. 4th DCA 1981). Our review of the record reveals that during the three and one-half-year period between the wife's receipt of the notice that dissolution proceedings had been instituted and the filing of the petition for child support she lived in Guatemala and made only brief intermittent trips to the United States. As soon as she began to reside in Miami, she commenced her action to recover child support. It was the husband's failure to mention the child in the proceedings for dissolution that caused the omission of child support provisions. Under these circumstances, we find that the wife did not relinquish her right to child support.
A duty to support their minor children rests equally upon both parents, Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974); Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973); § 61.13(1), Fla. Stat. (1979), although prior to the 1971 amendment to section 61.13, the obligation to support belonged to the father. See Issacs v. Deutsch, 80 So.2d 657 (Fla. 1955); Bezanilla v. Bezanilla, 65 So.2d 754 (Fla. 1953). The right to receive support belongs to the child, Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979), and may not be waived by a parent. Strickland v. Strickland, 344 So.2d 931 (Fla. 2d DCA 1977); Kirkconnell v. Kirkconnell, 222 So.2d 441 (Fla. 2d DCA 1969); see Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980); Armour; Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). Claims for child support arrearages are generally enforceable, absent extraordinary or compelling circumstances, such as waiver, laches, estoppel or reprehensible conduct on the part of the custodial parent. Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1977); see Armour; Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Brown v. Brown, 108 So.2d 492 (Fla. 2d DCA 1959).
We find no evidence that the wife violated any order requiring visitation. Panganiban; Denton v. Denton, 147 So.2d 545 (Fla. 2d DCA 1962); see Phillips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976); Teta. The Final Judgment of Dissolution contained no provision for visitation because the court had not been informed that a child existed. Mrs. O'Brien has complied with the visitation order subsequently entered *972 by the court, and, accordingly, no valid reason exists to deny her child support arrearages.
For these reasons, we reverse the provisions of the order denying child support arrearages and remand for further proceedings consistent with this opinion.