504 So.2d 553 (1987)
Wayne A. WOOD, Appellant,
v.
Wilma L. Wood HUNTER, Appellee.
No. 4-86-0845.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
James L. Kershaw, Fort Lauderdale, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellee, Wilma L. Wood, filed a petition for support under the Uniform Reciprocal Enforcement of Support Act (URESA), in New London, Connecticut, against appellant, Wayne A. Wood, her former husband, a resident of Broward County, Florida. In said petition Wilma alleged that she and Wayne had been divorced in the State of Michigan in 1972 by a final judgment, which awarded her the sum of $12.50 per week for each of three children. She further alleged that Wayne had never made any payments. She sought enforcement of current payments for one of the remaining minor children and assessment of arrearages for past due payments for that child and another nearing emancipation. A special master recommended that Wayne be required to pay, among other things, the arrearage of child support provided for in the Michigan judgment in the sum of $6,556.35, at the rate of $87.50 per week. Wayne filed objections to the master's report, among which was the master's failure to recommend that the claim was barred by the statute of limitations, section 95.11(2), Florida Statutes. The master's report was confirmed and this appeal followed. The sole question for decision is whether the statute of limitations bars Wilma's claim for the child support arrearages.
The purpose of URESA is to "improve and extend by reciprocal legislation the enforcement of duties of support." § 88.021, Fla. Stat. (1985). The legislative intent of the act is contained in section 88.012, which provides:
88.012 legislative intent.  Commonlaw and statutory procedures governing *554 the remedies for the establishment and enforcement of orders of support for children by responsible parents under the Uniform Reciprocal Enforcement of Support Act have not proven sufficiently effective or efficient to cope with the increasing incidence of establishing and collecting child-support obligations when the petitioner and respondent reside in different states. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and nonsupport of dependent children shall be augmented by the additional remedies directed to the resources of the responsible parents as mandated by the Florida IV-D program in chapter 409. In order to render resources more immediately available to satisfy child-support orders, it is the legislative intent that the remedies provided herein shall be in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act shall be construed and administered to the end that children residing in this or some other state shall be maintained from the resources of responsible parents, whether the responsible parents live in this or some other state, thereby relieving, at least in part, the burden borne by the custodial parent of the general citizenry through public assistance programs.
The major problem presented in this case is trying to determine whether a defense of the statute of limitations can be maintained against a claim brought under URESA. The trial judge expressly stated it was not maintainable. Wayne contends that section 88.271, Florida Statutes (1985), specifically provides therefor in the following terms:
In any hearing for the civil enforcement of this act, the court is governed by the rules of evidence applicable in a civil court action in the circuit court. If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to a respondent concerning a substantial change in circumstances of the parties relating to the obligations of support or with respect to paternity pursuant to s. 88.235 or to a defendant in an action or proceeding to enforce a foreign money judgment. .. .
It is his contention that the phrase "subject only to any defense available ... to a defendant in an action or proceeding to enforce a foreign money judgment" applies to this claim and brings into play section 95.11(2), Florida Statutes, barring the claim under consideration. A close analysis of said statement, its particular language and location in the act, the topical heading of the section ("Evidence") and the subject matter of the section show that it relates to the rules of evidence controlling URESA enforcement hearings. The portion thereof relevant to defenses speaks of defenses in the context of the admissibility of the proof of the support obligation, i.e., "a support order issued by another court." In other words, a certified copy of an order of support from another court is admissible to show an obligation to support and will carry the day subject only to the defendant adducing evidence of a substantial change of circumstances justifying a change in the support obligations; or, in a paternity suit, subject to the defendant's showing he is not the parent of the child, or defenses available to a defendant in an action to enforce a foreign money judgment. The defenses referenced are substantive defenses going to the merits of the claim set forth in the support order offered in evidence. We do not believe that this section contemplates a defense in the nature of the statute of limitations.
Wayne relies upon Winland v. Winland, 416 So.2d 520 (Fla. 2d DCA 1982), in which a Florida action was brought to demonstrate a 1972 Ohio order awarding child support and a 1981 Ohio order reducing to judgment the arrearages under said 1972 order. The statute of limitations was pled as a defense and sustained by the trial court. On appeal, the application of the statute to the 1972 order was affirmed, but its application to the 1981 order was reversed.
*555 We would distinguish Winland by pointing out that it was an action to domesticate a foreign order or judgment rather than an action to enforce an order for support under URESA. Furthermore, URESA is an equitable proceeding and the statute of limitations is not applicable in such proceedings.
URESA was born of the failure of the common and statutory law existing in the various states.[1]See § 88.012, Fla. Stat. It announces the public policy of those states adopting the Act to exert every effort to force delinquent and recalcitrant parents who are able to meet their natural obligation to support their minor children who are in need. Thus, we believe the statutory case law that favors and assists in reaching that goal should be brought to bear in the enforcement of URESA-conducted support proceedings. Therefore, we resort to cases which hold that statutes of limitations do not bar proceedings to enforce support for minor children. Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). The rationale behind those decisions is that such proceedings are equitable in nature and therefore subject to laches, but not statutes of limitations. Id. Even then, as stated in Armour, "[a] number of cases recognize that claims for child support arrearages may be defeated by laches, but rarely have the courts found the exceptional circumstances necessary to justify the application of that doctrine." 377 So.2d at 800 (footnotes omitted). The record before us fails to demonstrate any evidence that would prove laches, and so we believe the trial court reached the correct conclusion in rejecting the statute of limitations as a defense, and requiring Wayne to pay the continuing support and arrearages for one minor child and the arrearages of support past due and unpaid for the other child who was still a minor, but nearing the age of emancipation.
AFFIRMED.
GLICKSTEIN and WALDEN, JJ., concur.
NOTES
[1] As Judge Cowart points out in his concurring opinion in Helmick v. Helmick, 436 So.2d 1122, 1126 (Fla. 5th DCA 1983):

In the absence of URESA provisions even if there is a previously adjudicated right to support, as in the case of other foreign money judgments, the obligee must bring an action in Florida to domesticate the foreign judgment by reducing it to a judgment here and then enforcing it as a Florida judgment.