PER CURIAM.
Appellant, Rosemary Baker (Baker), formerly Rosemary Reynolds, has perfected this appeal from a final order entered in a Uniform Reciprocal Enforcement of Support Act (URESA) proceeding in the Circuit Court of Indian River County. The proceeding was commenced by the State of Virginia as the initiating state and as sub-rogee of all rights that Jeanette D. Coomer has against her daughter, Rosemary Baker, arising out of Aid for Dependent Children (AFDC) payments made by the State of Virginia to Coomer for the support of Baker’s dependent child. The order appealed from found Baker was liable for repayment of $12,049 for past AFDC payments to Coomer at the rate of $50 per month and for the prospective payment of the sum of $146 per month for current and future support for said child.
The marriage of Thomas Eugene Reynolds and Rosemary Reynolds Baker resulted in a final judgment of divorce in 1973 in the State of Michigan. The judgment awarded custody of the only child of the marriage to Rosemary and provided that the father had the duty to support the the child until he reached his majority. No specific amount of support was ordered because Reynolds was incarcerated in prison at the time, except that he was to pay all necessary medical, dental and hospital expenses for the child, as well as nine dollars semi-annually for the “Friend of the Court.”
With the exception of approximately a year and one-half, the child has lived with his grandmother, Coomer, in Virginia since his birth in 1972. During these proceedings in Indian River County, Baker claimed she did not know her mother was receiving AFDC payments for her child; thus the claim of some twelve thousand dollars made eleven years later no doubt came as a surprise.
On appeal, Baker contends the trial court order is erroneous because it is a modification of the Michigan divorce decree without an express provision nullifying the support provision of the prior decree. Baker further argues that requiring repayment of the prior child support payments constitutes a retroactive award of child support, which is impermissible. Appellee HRS suggests the appellate issue is whether the trial court properly enforced a duty to support or unlawfully modified an existing duty of support and the amount of support. Furthermore, HRS claims the order under review is not a modification of the prior decree, nor could it lawfully be without an express nullification of the support provision of the prior decree. On the contrary, HRS argues that the order being reviewed simply establishes Baker’s duty as a “responsible parent” to support the child in accordance with the provisions of URESA.
Some statutory benchmarks need to be recognized in resolving the issues presented here. The order in question is not a modification of the prior decree. Koon v. Boulder County Dept. of Social Services, 468 So.2d 1007 (Fla. 1st DCA 1985). Rather, it is an independent action in furtherance of the broad purpose of URESA, which is “to improve and extend by reciprocal legislation the enforcement of duties of support.” § 88.021, Fla.Stat. (1987). More specifically, section 88.012, Florida Statutes (1987), provides:
It is declared to be the public policy of this state that this act shall be construed and administered to the end that children residing in this or some other state shall be maintained from the resources of responsible parents, whether the responsible parents live in this or some other state, thereby relieving, at least in part, the burden borne by the custodial parent or the general citizenry through public assistance programs. It is further the legislative intent that the Revised Uniform Reciprocal Enforcement of Support Act is an appropriate statute under which to collect child support arrearages after the child is no longer dependent.
*1059 With regard to the argument that the order modifies the prior decree, section 88.281 provides:
A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.
Since the applicable law in a URESA proceeding is the law of the responding state, it seems clear that the law of Florida holding both parents are equally obligated to support their minor children, Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); O’Brien v. O’Brien, 424 So.2d 970 (Fla. 3d DCA 1983), is controlling. Furthermore, the duty of support is defined as a duty whether imposed or imposable. § 88.031(3), Fla. Stat. (1987). Therefore, after a proper hearing and based upon competent evidence of her ability to pay, the trial court has the authority to enter an order prospectively awarding a specific amount of child support from the date of the filing of the petition. However, the record made in the trial court is woefully lacking in evidentiary support for the order entered. In this regard, Baker was not represented by counsel at the hearing and, although it appears Coomer, to whom the AFDC payments were made, contests the total amount of AFDC payments made, no evidence other than the papers from Virginia supports the amount awarded. Furthermore, the determination of Baker’s ability to pay is not supported by substantial competent evidence as the only proof was some brief evidence of the combined income of Baker and her husband, who has no obligation to support this child.
In view of the foregoing, we conclude that a new evidentiary hearing should be held upon appellee’s petition to determine the amount, if any, of support that Baker is able to contribute toward the support of her child commencing from the date the URESA petition was filed.
That portion of the order awarding appellee $12,049 for AFDC payments to Coomer in Virginia prior to filing of the URESA petition is another matter. If, as this record seems to indicate, those payments were made to Coomer without Baker’s knowledge and continued over a period of eleven years, both due process and lach-es problems are presented. On the other hand, if Baker was aware of the payments’ being made, she can hardly complain; she could have forestalled the accrual of this obligation by taking custody and supporting the child herself. She might also have pursued her former husband to enforce his obligation or possibly she could have obtained an adjudication of her inability to pay all, or part, of the amount being furnished by AFDC, which would have limited her liability therefor to the amount adjudicated in a court order. However, to require Baker to repay the total amount of the AFDC payments when the prior decree only obligated her husband to support the child, and prior to any subsequent court order adjudicating her obligation of support setting forth the amount to be paid, does not square with due process. Under these circumstances it appears to us that the order requiring repayment of the AFDC payments made prior to the filing of the petition should be reversed and remanded to the trial court for a full eviden-tiary hearing to determine whether Baker knew of the AFDC payments’ being made and to determine her ability to pay support since the filing of the URESA petition. If the court finds she had no knowledge of those payments, then no award requiring repayment of the AFDC payments made prior to the petition should be made. If it is determined that she was aware of the AFDC payments’ being made, then the court should determine and award a repayment amount which the evidence shows Baker had the ability to pay.
*1060 Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED, with directions.
DOWNEY, WALDEN and GUNTHER, JJ., concur.