## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia,
Department of Social Services,
Division of Child Support Enforcement

v.

Donald R. Broadnax, Sr.

November 17, 1989

Case No. N-7967-A

By JUDGE RANDALL G. JOHNSON

This is an appeal from an order of the juvenile court which set aside an award of child support arrears assessed by the Department of Social Services pursuant to Va. Code Section 63.1-252.1. At issue is whether the department's assessment of arrears is a taking of defendant's property without due process of law in violation of the federal and state constitutions.

Defendant, Donald R. Broadnax, is the father of six children by his wife, Brenda D. Broadnax. The children range in age from sixteen to four. In October, 1986, while defendant was incarcerated in New York on a thirty-day jail sentence for assault, Ms. Broadnax left the marital residence, also located in New York, and moved to Richmond. She brought the couple's children with her. Not only did she not tell defendant she was leaving in 1986, she also

never told the defendant after she left where she and the children were.[1]

In November, 1986, Ms. Broadnax applied for public assistance, and she began receiving payments in January, 1987. At the time of her application, Ms. Broadnax gave an address for her husband which was different from the marital residence in New York and which was not the address where defendant was living.[2] In fact, it was not until February, 1989, that the Division of Child Support Enforcement ("DCSE") was finally able to locate defendant, who by then had also moved to the Richmond area, and serve him with notice that his children were receiving support payments from the state. By then, the monthly child support obligation had been set at $435, and arrears of $11,772 had accrued. On April 10, 1989, an administrative hearing was held before a DCSE hearing officer pursuant to Va. Code § 63.1-267.1. As a result of that hearing, defendant's current child support obligation was reduced to $385 per month, and the total arrears were reduced to $3,493.

Pursuant to Va. Code § 63.1-268.1, defendant appealed the hearing officer's decision to the Juvenile and Domestic Relations District Court of the City of Richmond for a *de novo* hearing. The juvenile court reduced the current support obligation to $80 per week. In addition, the court held that the assessment of arrears by the Department of Social Services violated defendant's right to due process under the Fourteenth Amendment to the United States Constitution. Accordingly, the court ordered that defendant did not have to pay anything other than his current support obligation. While neither DCSE nor defendant takes issue with the amount of current support set by the juvenile

---

[1] Although defendant argues that Ms. Broadnax "secreted" herself from defendant, there is no evidence as to what efforts defendant made to find his family, or what efforts Ms. Broadnax made to prevent him from finding them. All we really know is that according to the records of the Division of Child Support Enforcement, Mr. and Mrs. Broadnax had no contact after October, 1986.

[2] Again, defendant attributes this to an attempt by Ms. Broadnax to keep defendant from learning where she and the children were. There is no evidence, however, that Ms. Broadnax intentionally gave wrong information to the department, or that she even knew the information which she was providing was incorrect.

court, DCSE has appealed the court's order as it relates to defendant's obligation to pay arrears. Specifically, DCSE argues that Virginia's statutory scheme, both generally and as applied to defendant here, has given defendant all of the process which he is due. This court agrees.[3]

Virginia Code § 63.1-251 provides that when any payment of public assistance is made to or for the benefit of a dependent child or children, there is created a debt due and owing to the Department of Social Services by the person or persons who are responsible for the support of such child or children in an amount equal to the amount of public assistance so paid, except that where there had been a court order for support, or final decree of divorce ordering support, or administrative order for support under § 63.1-249 *et seq.*, the debt is limited to the amount specified in such order or decree. Section 63.1-252.1 provides that in the absence of a court order for support or a decree of divorce ordering support, the Commissioner of the Department of Social Services may proceed against a person whose support debt has accrued or is accruing based upon payment of public assistance. Such proceedings are initiated by the commissioner's issuing notice containing the administrative support order. The notice must be served in the same manner as process initiating lawsuits, or by certified mail, return receipt requested, or service may be waived. The notice must contain several specified statements, including a statement that if no answer to the notice is made on or before ten days from the date of service, the administrative support order shall be final and enforceable, and the support debt shall be assessed and determined subject to computation and is subject to collection action. If an answer is filed, the debtor has a right to an administrative hearing (Section 63.1-267.1), a *de novo* appeal to juvenile court (Section 63.1-268.1), and a *de novo* appeal to circuit court (Section 63.1-296). Thus, while the Department of Social Services may establish the existence of a debt from a person who owes a duty of support, no enforcement of that debt and,

---

[3] Neither party has raised any question about the appropriateness of the amount of arrears set by the DCSE hearings officer. Accordingly, the only question presented here is whether any arrears are due, not the amount of those arrears.

accordingly, no loss of property can occur until *after* notice and hearing which fully comply with constitutional due process standards. Consequently, the general statutory scheme cannot be said to violate the due process rights of debtors.

Defendant argues, however, that even though the statutory scheme is generally constitutional, its application to the facts of this case constitutes a deprivation of Mr. Broadnax's due process rights. This is so, according to defendant, because Ms. Broadnax intentionally misled the department as to defendant's true whereabouts, making it impossible for defendant to be notified as his debt was accruing and before it had reached such an enormous amount. The court rejects this argument for several reasons. First, as previously noted, the court has before it no evidence that Ms. Broadnax intentionally provided the department with erroneous information concerning defendant's whereabouts. *See* n. 1 and 2 *supra*. Second, even if such evidence were present, that would not be reason to relieve Mr. Broadnax of his duty of support. Whatever might be defendant's remedies against Ms. Broadnax, the law will not allow, except under certain limited and well-defined exceptions, one parent's actions to deprive minor children of the support due from the other parent. Third, any prejudice resulting from the failure to notify defendant of his accrued debt until February, 1989, is minimal and, in any event, is one of the factors considered in determining the amount of arrears. In this regard, it must be remembered that the original administrative order assessed arrears at $11,772. That amount was reduced at the administrative hearing, held at the request of the defendant, to $3,493, "based on Mr. Broadnax's ability to pay." *See* Administrative Hearing Decision dated April 10, 1989. Thus, defendant's argument that he could have paid support all along if he had known where to pay it, but that he cannot pay the large arrearage that has accrued, has already been addressed by the administrative hearing officer. Moreover, since the appeal to juvenile court and to this court are both *de novo*, defendant has had two further opportunities to convince a decision-maker that he cannot afford to pay the arrears that have accrued. As previously noted, at least in this court, defendant has not challenged the reasonableness of the arrears, nor has he presented

any evidence that such arrears are beyond his ability to pay. Accordingly, this court cannot find that the application of the statutes in this particular case constitutes an unlawful taking of defendant's property without due process.

Finally, defendant cites *Baker v. Department of Health and Rehabilitative Services of the State of Virginia*, 526 So. 2d 1057 (Fla. App. 1988), in support of his argument that the assessment of arrears against him is unconstitutional. In *Baker*, the Commonwealth of Virginia sought reimbursement from a mother in Florida for public assistance payments made to the child's grandmother in Virginia who held custody of the child. The trial court held that such reimbursement was proper. On appeal, that holding was reversed. Specifically, the appellate court noted that it was not clear whether the child's mother knew that the grandmother was receiving public assistance payments on behalf of the child. If she did not know about those payments, according to the appellate court, "both due process and laches problems are presented." 526 So. 2d at 1059. The court concluded that upon remand:

> If the court finds she [the mother] had no knowledge of those payments, then no award requiring repayment of the AFDC payments made prior to the petition should be made. *Id.*

*Baker*, however, is easily distinguishable from the case at bar. In *Baker*, a previous court decree had ordered support from the child's father, but not the mother. Va. Code § 63.1-251 specifically provides that "where there has been a court order for support, or final decree of divorce ordering support, or administrative order under the provisions of Chapter 13 (§ 63.1-249 et seq.) of Title 63.1 for support, *the debt shall be limited to the amount of such order or decree.*" Emphasis added. Since there was a previous court order in *Baker*, and since that order did not provide for *any* support payments to be made by the mother, any debt assessed against the mother administratively was necessarily greater than "the amount of such order." Thus, it violated the statute. In the case at bar, there is no previous order or decree involving support for the Broadnax children.

Moreover, even if the above distinction were not present, this court still would not feel compelled to apply the holding of *Baker* here.[4] In holding that due process and laches problems would exist if the mother were unaware that public assistance payments were being made, the *Baker* court performs no analysis and gives no explanation whatever of why those problems would arise. With regard to laches, such a defense is an equitable one and applies only where a defendant can show that the other party's delay has put him in a position of disadvantage. Here, the only disadvantage claimed by defendant is that he is now unable to pay an accumulated debt that he could have paid contemporaneously with its accrual. As already pointed out, that factor was considered by the hearing officer, with the result that the arrears were reduced from $11,772 to $3,493. In addition, that factor could have again been raised in the juvenile court and here.

With regard to due process, this court simply refuses to agree with the court in *Baker* that a parent who has a legal obligation to support a child but who is unaware that specific public assistance payments are being made on behalf of that child is deprived of due process when he or she is called upon to repay the debt. So long as the statutory safeguards previously discussed (notice, hearing, appeal) are in place *prior* to collection, due process is fully accorded. Consequently, to the extent that *Baker* can be interpreted as holding that a parent cannot be made to repay the state for public assistance payments if the parent is unaware that such payments are being made, this court disagrees and refuses to follow such holding. As previously noted, however, the court believes that *Baker's* holding is premised on the previous court order present there, and so that case is distinguishable. In either event, it is the court's holding here that the assessment of arrears against defendant is not a violation of his due process rights. Accordingly, arrears are assessed at $3,493, and current support is set at $80 per week.

[4] This point is made only because the court in Baker does not appear to have placed any reliance upon the language of Section 63.1-251 just quoted.