PER CURIAM.
This cause is before us on appeal from the trial court’s final judgment denying Mother’s contempt motion against Father and implicitly denying Mother’s claim for child support arrearages. While we find that the trial court acted within its discretion in denying Mother’s contempt motion, we reverse and remand for a determination of the arrearage amount, payment thereof, and any equitable defenses thereto. See State, Dep’t of Health & Rehabilitative Serv. v. Burns, 654 So.2d 1014, 1016 (Fla. 1st DCA 1995) (“[T]he right to arrearages in child support is a vested right which inures to the benefit of the child. Absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent, a trial court cannot cancel or retrospectively reduce the amount of past-due installments owed.”); Armour v. Allen, 377 So.2d 798, 799-800 (Fla. 1st DCA 1979) *1218 (existence of an agreement purporting to relieve a party of child support payments may be a relevant factor going to the willfulness of that party’s failure to pay, but does not affect the obligation of child support as such); McClish v. Lee, 633 So.2d 56 (Fla. 5th DCA) (although parents cannot contract away a child’s right to support, parties do have the right to contract as between themselves as to whom will assume particular support obligations), rev. denied, 640 So.2d 1107 (Fla.1994).
REVERSED and REMANDED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.