[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIIFF'S MOTION FOR CONTEMPT — POST JUDGMENT (# 102)
 BACKGROUND
The parties were divorced in Dayton County, Florida on January 31, 1990. Prior to the decree, the parties entered into a separation agreement which was incorporated by reference into the final judgment.
Paragraph 9 of this agreement required that the Defendant husband pay child support in the amount $1500 per month for the minor child beginning November 1, 1989 and continuing until CT Page 14627 September 1, 1991. On September 1, 1991, the support payment was to automatically increase to $2000 per month. The agreement indicated an "intention" that the child attend private school and that the child support payments be used toward payment of the tuition.
In 1990, after the divorce decree, the Plaintiff moved to Connecticut. She enrolled her child in the Weston Public Schools, where the child has continued to the present time.
The Defendant has paid the $1500 per month since September 1991, but has never paid the additional $500 per month.
The proceedings in this action, prior to execution of the Separation Agreement and entry of the dissolution decree, were involved and lengthy. Immediately after its conclusion, the Plaintiff filed her copies of all court papers and did not read them again until an issue concerning payment for summer camp arose in the summer of 1999. At this point, she noticed the provision for the additional support payments and sought the advice of counsel. Thereafter, the instant motion for contempt was filed. The Defendant has failed to pay the required additional $500 support payment from September 1, 1991 through the date of this decision. The delinquency for the 47-month period from September 1, 1991 through October 31, 1999 is $39,000.
Defendant claims that he has complied with the provisions of the Separation Agreement, that the parties modified their agreement by a subsequent oral agreement, and that the Plaintiff relinquished any rights which she might have had by reason of latches, waiver and equitable estoppel.
DISCUSSION and DECISION
Paragraph 22 of the Separation Agreement provides that "no addendum, modification or waiver of any of the terms of this agreement shall be effective unless the same is expressed in writing in an instrument of equal dignity by the parties."
The Defendant claims that the parties orally agreed to revise the agreement to permit payment of $500 per month into a special account for the child's future college expenses. The Defendant claims that though the modification was oral, it is valid and enforceable under Florida law, and therefore he was not obligated CT Page 14628 to make the additional $500 payments to the Plaintiff.
The court finds that the parties did not agree to any change to the written Separation Agreement and therefore need not determine whether Florida law would permit an oral modification. The court finds the Plaintiff never received a proposal for change of the Separation Agreement, never agreed to the establishment of a separate education account, never agreed to allow deposits by the Defendant into a separate education account, in lieu of the support payment, and never knew of the existence of the account until the day of the trial. This Halifax account, number 00346459, which the Defendant claims was established for their child was in the Defendant's name without any reference to the minor child. The Defendant had total control over the funds in this account with the right to use them when and as he saw fit. Establishment of this account did not excuse the Defendant from making the court ordered support payments.
The Defendant presented photocopies of three handwritten notes which he claimed confirmed the existence of the alleged agreement. The court finds that these notes were not prepared at the time claimed and were never sent to the Plaintiff. The Defendant's testimony as to these notes and as to the alleged agreement was not credible.
The Defendant also claims that the Plaintiff is barred from pursuing the additional support payments because of her failure to take action until August 1999. He claims waiver, laches, and estoppel.
The Separation Agreement provided that the Defendant was to pay the additional support. It did not require, as a condition precedent to the payment, the Plaintiff to request or demand payment or to institute legal action to enforce the obligation. The language of the Agreement was mandatory.
 "The husband shall pay the wife as child support the sum of $1,500 per month for the minor child, with the first payment being due on November 1, 1989 and continuing on the first day of each succeeding month thereafter until September 1, 1991 at which time the monthly child support will increase automatically to $2,000 per month and then continue at that amount on the first day of each succeeding month . . ." (emphasis added)
CT Page 14629
To establish a waiver, the Defendant must show an intentional relinquishment of a known right and a mere delay is insufficient. This is true both under Connecticut and Florida law. Olean v.Treglia, 190 Conn. 576, 772 (1983); O'Brien v. O'Brien,424 So.2d 970 (Fla. 3d D.C.A. 1983). Defendant failed to establish an intention on behalf of the Plaintiff to relinquish her right to the support payments. Furthermore, the language of the Separation Agreement referring to the intention of the parties is precatory, not mandatory. This agreement was drafted and witnessed by attorneys for both sides. Had they intended that attendance at private school be a condition precedent to the right to the additional support, they could and would have explicitly so provided.
Similarly, neither latches nor equitable estoppel bars the Plaintiff's claim. The Defendant failed to show an inexcusable delay with resulting prejudice, both of which are required for a defense of latches. Likewise, the Defendant failed to prove the requisite intent or change of position and injury required for an equitable estoppel.
Defendant claims that his failure to pay was not wilful since, beginning in 1991, he placed the money in a savings account dedicated to the child's education. However, the order provided an additional $500 for support and not just for educational purposes. Moreover, the account established did not refer to the child or the child's education expenses. Defendant has total control of this account and its funds are available for any use to which he wishes to direct them.
The court finds an arrearage in the amount $49,000 for the period of September 1, 1991 through October 31, 1999. The court finds the Defendant in contempt for his failure to pay said ordered support payments. Court orders the sum of $49,000 be paid by the Defendant to the Plaintiff on or before November 30, 1999.
The court orders that the Defendant pay all costs incurred by the Plaintiff in bringing this motion for contempt together with reasonable attorney's fees for such motion and for the prosecuting of the same. A hearing will be held as to the amount of fees and costs to be awarded on November 22, 1999, or at such other time as is mutually agreed by counsel for both parties.
HILLER, J. CT Page 14630