JOHNSON, Judge.
This is an appeal from a child custody order entered by the Circuit Court, Okaloosa County, Florida.
*81 Gleaned from the record, it appears that the parties — appellant and appellee, were formerly husband and wife, and parents of two daughters, the subjects of this controversy. At the time of the entry of the order appealed from herein, the girls were approximately 13 and 11 years of age, respectively. Each parent remarried subsequent to the divorce.
At the conclusion of the divorce proceedings, the chancellor granted, in addition to the divorce, custody of the two children to the mother, with unlimited visitation rights to the father, with the only restriction being that the children would not be taken outside of the Continental United States without the written consent of the father.
About April 24, 1962, a little over two years after the divorce, and the mother having remarried, the father gave his written consent for the mother to take the children to Italy, upon the express condition that the mother would return the children to the United States at-the end of two years.
In 1964 the children were permitted to visit their. father in the United States for about three months.
After the visit in 1964, the children were permitted to return to their mother in Italy. It was in the latter part of 1965 and early part of 1966 that the mother began writing the father about how bad conditions were in the home in Italy, how bad her husband’s drinking was and about how badly the boys were treating the two girls. By her letters she definitely described a condition under which the two girls were being forced to live that was definitely different from that which existed when custody was originally granted the mother, and different from that which existed when the children were permitted to return to Italy in 1964. The mother requested the father to take the children because of the conditions and admitted it was for the best interest of the children that the father have them. It is true that in her letter requesting the father to take the children she also added that she wanted him to promise to return them in August 1967, some eighteen months later. The father gave a conditional promise to return the children at that time contingent upon evidence that she could properly care for them. He pointed out in this letter that neither party could tell what the situation would be in August 1967.
It also appears from the evidence that the general physical and nervous condition of the children at the time they were returned to the father in 1966, reflected neglect of care and welfare. This condition improved rapidly, however, under the supervision and care given them by the father.
It appears that quite some months before August 1967, the father began correspondence towards either getting the mother to agree to an extension of the stay of the children with him, or to advise her that he was not going to permit the children to be again subjected to a possible reoccurrence of the condition, under which they had lived prior to 1966. Finally he refused to return the children. Hence the mother’s petition for rule to show cause. The response to the rule to show cause outlined substantially the facts as related, supra, and appended a petition for modification of the final decree of divorce by changing the custody of the children to the father.
Testimony was taken, the letter from the mother to the father describing the home conditions as related, supra, and the father’s answer containing the conditional agreement to return the children in August 1967, were filed in evidence. Also, evidence of the fitness of the father’s present home, and the attitude of his present wife, stepmother of the children, and their relationship were placed before the court. The mother testified as to the change in her husband’s drinking habits and conditions in the home in general, but offered no *82 corroboration thereof except from one of her stepsons, who admitted he had not been in the home for about two years.
The chancellor found that the home of the father was fine, and that the children would be well off there, and that the children in a private interview had admitted a preference to remain with the father. He further found, however, that the plaintiff-mother had met the evidentiary requirements to sustain her motion for an order of contempt against the defendant for failure to abide by the final decree of divorce awarding the custody of the two girls to the mother and the father-defendant had failed to present sufficient reasons to modify the final decree to change the custody.
The chancellor included in his order on the rule to show cause a statement of his findings and included therein was a finding that the defendant-appellant had a good home for the children, but that he, the appellant, had “failed to carry his burden of proof to show clearly and convincingly that the best interests of the children would best be served by granting him custody of the children. He also held in his findings, that the defendant, by his actions, had acquiesced and agreed that the children could remain outside the United State in custody of their mother.
Based on these findings, the court ordered that the defendant was in contempt of court for having failed to obey the Final Decree, and specified the manner in which the defendant could purge himself of the contempt, which included, inter alia, that the children be permitted to be carried back to Italy with the mother.
The main contention of the appellant on this appeal, stated in practical language, is that the chancellor erred in requiring him to carry the burden of proof and in effect modifying the final decree of divorce as to custody, in the plaintiff, which was not raised by the plaintiff as an issue. The final decree was still in effect to the extent that the plaintiff could not take the children outside of the Continental United States without the written consent of the defendant. This condition of the decree, because of its direct bearing upon the welfare of the children, cannot be waived in any manner by the parties’ conduct without approval of the court. It is true that in the absence of objection by one of the parties, or notice to court of such flagrant change of circumstances resulting in detriment to the welfare of the children, the court will not ordinarily exercise, of its own volition, its jurisdiction to interfere; but, as in the case sub judice, where the evidence submitted by the defendant is written evidence from the plaintiff outlining the drastic changes in circumstances making her home no longer the best place for the children and requesting the defendant to take them, then under such circumstances, when this is brought to the attention of the court, a change should be made. Certainly it had now become the burden of the mother to prove that her home had so changed, with the prospect of it staying changed, that the best interest of the children could be served by taking them from an admittedly good home and returning them to a home where the environment at present was established to be good by the uncorroborated testimony of the plaintiff only.
In this case, after reviewing all the evidence and record and noting the chancellor’s statement that the children expressed a preference to remain with the father, and especially in view of the fact that if the chancellor’s order is permitted to stand, the children will be removed, possibly forever, from any jurisdiction or control of the court, we feel compelled to disagree with the chancellor’s decree and do reverse the order appealed from as to the contempt and set aside such contempt. Also, we reverse that portion of the decree denying the defendant’s prayer for modification changing the custody of the children to him and all the provisions for payment of costs, attorneys fees and expenses for travel, *83 and remand this cause to the lower court for entry of a decree awarding custody to the defendant-appellant, with reasonable visitation ^privileges to the mother.
The other points raised are not entirely without merit, but in view of our decision, supra, no further treatment of said points will be given.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.