Joseph L. PHILLIPS, Jr., Appellant,

v.

SPRINGFIELD INSURANCE CO.,
Appellee.

No. 27326.

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1969.

R. C. Edwins, Baton Rouge, La., for appellant.

Gerard T. Gelpi, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment dismissing, because of laches, a suit for personal injury damages brought by Phillips under the general maritime law against Springfield Insurance Company as the P & I insurer of the tugs CAPTAIN DALE and WML. For us to reverse this judgment we must overturn the District Court's finding that there was inexcusable delay on the part of Phillips and prejudicial harm to Springfield. We decline to do so and affirm.

The injury complained of occurred four years and ten months prior to the filing of suit against Springfield. Phillips argues that the delay was excusable because he was unable to ascertain the identity of the tugs' P & I insurer until that time. We are unpersuaded. By instituting suit against the tugs within a reasonable time after the injury Phillips could have readily discovered the identity of the insurer.

We need not concern ourselves with analogous statutes of limitations because we are convinced that the lapse of time resulted in prejudicial harm to Springfield. Phillips simply relied upon a naked allegation that the witnesses to the accident were alive without identifying them or making a proffer of their expected testimony. He made no showing that anyone, including himself, could prove how the collision between the vessels occurred or that he fell overboard. Neither of the tug owners recall the accident or the circumstances surrounding it. Springfield had no notice or knowledge of the alleged injury. Of course no investigation was made or records obtained concerning the accident or the injury.

Under the circumstances of this case the reason for the delay is flimsy and the prejudice to Springfield obvious. This adds up to laches. McMahon v. Pan-American World Airways, Inc. 5 Cir. 1962, 297 F.2d 268; Vega v. SS MALULA, 5 Cir. 1961, 291 F.2d 415; Morales v. Moore-McCormack Lines, 5 Cir. 1953, 208 F.2d 218.

Affirmed.