**Jimmie C. BYRD, Plaintiff-Appellant,**

v.

**The M/V YOZGAT, Defendant-Third Party Plaintiff-Appellee,**

**Pensacola Stevedoring Company, Third-Party Defendant-Appellee.**

**No. 27453.**

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1969.

Paul Shimek, Jr., Hahn, Reeves & Shimek, Pensacola, Fla., for appellant.

W. Spencer Mitchem, Beggs, Lane, Daniel, Gaines & Davis, James E. Hertz, Pensacola, Fla., for appellees.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

PER CURIAM:

Appellant Byrd filed a libel to recover for personal injuries received while working aboard the M/V YOZGAT as a stevedore. The District Court found that Byrd was guilty of laches and dismissed the action. For us to reverse we would have to find that the District Court's determinations that there was no excusable delay in bringing the action and that appellees were prejudiced by the delay are "clearly erroneous." Fed.R.Civ.P. 52(a); McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Tropicana Shipping, S. A. v. Empresa Nacional "Elcano", 5 Cir. 1966, 366 F.2d 729; D/S Ove Skou v. Herbert, 5 Cir. 1966, 365 F.2d 341. We agree with the District Court and therefore affirm.

Byrd was injured on November 27, 1963, while employed as a member of a longshoremen's crew loading large rolls of paper onto the vessel at Pensacola, Florida. This suit was not filed until July 20, 1968, more than four and one-half years after the injury and more

than seven months after the running of the analogous Florida statute of limitations.

 Laches is inexcusable delay in instituting the action plus prejudice to the libeled party as a result of the delay. E. g., Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Molnar v. Gulfcoast Transit Company, 5 Cir. 1967, 371 F.2d 639; McMahon v. Pan American World Airways, Inc., 5 Cir. 1962, 297 F.2d 268; Vega v. The MALULA, 5 Cir. 1961, 291 F.2d 415. Byrd argues that the delay was excusable because (1) he was ignorant of the availability of an in rem remedy and (2) the first attorney whom he had engaged (and who obtained compensation for Byrd from the stevedoring company as a result of the injury) was uncooperative and would not give Byrd a release so that he could obtain other counsel. There is a conflict in the evidence as to what transpired between Byrd and his first attorney. However, there was testimony that Byrd and his attorney discussed the possibility of proceeding against the vessel but that it was determined that seeking compensation was a wiser course of action. Furthermore, ignorance of an available remedy is not an excuse for delay in bringing an action. Akers v. State Marine Lines, Inc., 5 Cir. 1965, 344 F.2d 217. In evaluating the allegation that difficulties with counsel accounted for the lapse of time, there is no explanation by the appellant why he waited two years after the injury before he initially retained counsel, during which time he knew that he could have libeled the vessel. In any event, the District Court found that Byrd remained with his first attorney voluntarily, and this finding has support in the record.

We need not concern ourselves with the analogous statute of limitations, see, e. g., Akers v. State Marine Lines, Inc., supra, because we are convinced that respondent was prejudiced by the lapse of time. Phillips v. Springfield Insurance Co., 5 Cir. 1969, 418 F.2d 236. Byrd relied upon a naked allegation that five of the stevedores who were working with him at the time of his injury witnessed the accident and are still residing in the Pensacola area. However, none of these witnesses was called to testify at trial and Byrd made no proffer of their expected testimony. No report of the incident was made to any of the vessel's officers and appellees had no notice of it or of the injury until this suit was filed. Hence, no investigation was made and no records obtained concerning the incident. Most of the officers and many of the crew who were on the ship at the time of the alleged accident have departed and their whereabouts are unknown.

Under the circumstances of this case the reason for delay was inexcusable and the prejudice to appellees manifest. This adds up to laches. Phillips v. Springfield Insurance Co., supra; McMahon v. Pan American World Airways, supra; Vega v. The MALULA, supra; Morales v. Moore-McCormack Lines, Inc., 5 Cir. 1953, 208 F.2d 218.

Affirmed.