**KELLER**

v.

**STANDARD SAND AND GRAVEL
COMPANY et al.**

No. 71–187.

United States District Court,
S. D. Ohio, E. D.

March 27, 1973.

Martin S. Bogarad, Steubenville, Ohio, for plaintiff.

Carl C. Moreland, Steubenville, Ohio, Richard T. Reminger, Cleveland, Ohio, for First National Bank.

Gordon T. Kinder, Martins Ferry, Ohio, Thomas P. Curran, Cleveland, Ohio, for defendant Traves Tomes.

WEINMAN, District Judge.

This is a personal injury action in admiralty brought by the plaintiff, Ronald L. Keller, against the defendant, Standard Sand and Gravel Company, for a maritime tort occurring as the result of a collision between a pleasure boat in which plaintiff was a passenger and the defendant's vessel which was moored in the navigable portion of the Ohio river.

The collision occurred on July 5, 1968. This action was not commenced until June 25, 1971, a little less than three years after the accident occurred.

In its answer the defendant has raised the affirmative defense that this action is barred by the doctrine of laches. The defendant has filed a motion for summary judgment supported by affidavits and the depositions of the parties seeking dismissal of this action on the ground that the plaintiff was guilty of inexcusable delay in commencing this action, that the defendant was prejudiced as the result of this delay and therefore the action is barred by the doctrine of laches.

In admiralty cases the effect of a delay in commencing an action is not governed by a statute of limitations but by the equitable doctrine of laches. The defense of laches consists essentially of inexcusable delay on the part of the plaintiff in commencing an action and prejudice to the defendant usually taking the form of an inability to adequately prepare a defense due to the passage of time. While a statute of limitations is not controlling, the courts in applying the doctrine of laches look to the most analogous statute of limitations as a guide in determining whether there has been inexcusable delay and prejudice to the defendant. In the present case a dispute exists between the parties as to what statute of limitations is most analogous and should serve as a guide in applying the doctrine of laches.

The plaintiff asserts that the most analogous statute of limitations is the three-year statute of limitations governing actions for negligence under the Jones Act, Title 46, Section 688, U.S. Code. It is the position of the plaintiff that since this action has been commenced prior to the expiration of the three-year statute of limitations under the Jones Act, this action was timely filed and all consideration of the defense of laches should be terminated.

It is the position of the defendant that the most analogous statute of limitations is the Ohio or West Virginia two-year statute of limitations on actions for personal injury. Since this action was commenced after the two-year statute of limitations had run, the defendant asserts that the burden is upon the plaintiff to establish excusable delay and the absence of prejudice to the defendant.

In support of its position that the three-year statute of limitations would be applicable, the plaintiff primarily relies upon the cases of Lipfird v. Mississippi Valley Barge Line Co. (C.A.3, 1962), 310 F.2d 639, 641, and Watz v. Zapata Off-Shore Co. (C.A.5, 1970), 431 F.2d 100, 111. The plaintiff also cites the case of Giddens v. Isbrandtsen Co. (C.A.4, 1966), 355 F.2d 125, in which the Fourth Circuit in applying a totality of the circumstances test for the application of the doctrine of laches stated the most analogous statute of limitations was the three-year period of limitations under the Jones Act. The court finds these cases to be inapposite.

In Lipfird v. Mississippi Valley Barge Line Co., *supra*, the Third Circuit held that the personal injury action of a seaman against his employer based upon the unseaworthiness of a vessel which had been joined with a claim based upon negligence under the Jones Act was covered by the three-year statute of limitations that was prescribed for claims under the Jones Act.

In Watz v. Zapata Off-Shore Co., *supra*, an injured shipyard worker asserted a maritime tort claim against the assembler of the shipyard's hoist which gave way because of a defect in the chain thereby causing injury to the employee working aboard a vessel in navigable waters. In applying the defense of laches to this claim the Fifth Circuit concluded that the Texas two-year statute of limitations for personal injuries was not applicable and that the court would look instead to the analogous three-year limitations period of the Jones Act. In reaching this conclusion the Fifth Circuit relied upon its earlier decision in the case of Flowers v. Savannah Machine & Foundry Co. (C.A.5, 1962), 310 F.2d 135, in which it was held that the three-year Jones Act limitation provision was the analogous limitation period to be applied with respect to an admiralty action by a shore based worker, as a vicarious seaman, against a vessel or her owners to recover for maritime injuries caused by negligence or unseaworthiness.

In Giddens v. Isbrandtsen Co., *supra*, the three-year Jones Act limitation provision was found to be the most analogous with respect to a longshoreman's action at law against a ship owner for personal injury resulting from a maritime tort.

A common thread running through these cases is the existence of a claim by a seaman, vicarious seaman or off-shore worker for personal injuries sustained in the course of his employment while aboard a ship in navigable waters. With this fact in mind it is not difficult to understand why the Third, Fifth and Fourth Circuits considered the three-year statute of limitations under the Jones Act, which extended the benefits of the Federal Employers' Liability Act to seamen, to be the most analogous period of limitation. In contrast, the plaintiff herein is not a seaman, vicarious seaman or off-shore worker seeking recovery for personal injuries sustained while in the course of his employment aboard a vessel in navigable waters. The court, therefore, concludes that the three-year Jones Act limitation provision is not applicable to the plaintiff's claims of negligence arising from a collision between a pleasure craft in which he was riding as a passenger and the defendant's vessel. The court believes that the most analogous period of limitations is the two-year limitation provision contained in R.C. 2305.10, or, in the alternative, the two-year period of limitation contained in Chapter 55, Article 2, Section 12, Code of West Virginia.

Since this action was brought after the analogous two-year statute of limitations had run, an inference arises in favor of the defendant that the delay was inexcusable and that the defendant was prejudiced as a result of the delay. Giddens v. Isbrandtsen Co., *supra*, 355 F.2d at page 128. The burden then shifts to the plaintiff to rebut this inference by establishing excusable delay and lack of prejudice to the defendant. Larios v.

Victory Carriers (C.A.2, 1963), 316 F.2d 63, 66; see, Watz v. Zapata Off-Shore Co., *supra*, 431 F.2d at page 111.

In support of its motion for summary judgment the defendant has not relied solely upon the inference of inexcusable delay and prejudice but has submitted a detailed affidavit by Mr. D. C. Dixon, President of the defendant, which precisely enunciates the prejudice suffered by the defendant as the result of the plaintiff's delay in commencing this action. The affidavit sets forth the following salient facts showing prejudice as the result of the plaintiff's delay in commencing this action:

1. That neither the affiant nor any other officer or employees of the defendant corporation had received any notice of the alleged accident occurring on July 5, 1968, until June of 1971.

2. That no opportunity arose nor did any exist for the defendant corporation to conduct an investigation of the alleged accident within a reasonable proximity of time to its alleged occurrence.

3. That the defendant company received its first notice of the alleged incident approximately one week prior to service of summons on the complaint and that this notice was received two years and eleven months after the alleged incident.

4. That immediately upon receipt of this notice attempts were then made to investigate and gather information regarding the alleged accident.

5. That the records regarding the fleet alignment of any river barges or motor vessels moored on the defendant corporation's premises on July 5, 1968, were not then available.

6. That records regarding the actual number and identity of river barges or motor vessels moored on the defendant corporation's premises on July 5, 1968 were then required to be reconstructed and could not then be unequivocally verified.

7. That no records were then available to determine the pattern or position of lighting on the moored fleet on the night in question.

8. That attempts then made to locate and/or interview possible witnesses to the incident itself and/or the events leading up to and following the incident were met with the response of having no recollection due to the passage of time.

9. That the individual responsible for placing lights on the fleet on the evening in question was then deceased.

10. That the watchman on duty the night in question was no longer an employee and had suffered a nervous breakdown during the interim period.

11. That those individuals having any recollection of the date in question were limited to generalities.

12. That attempts were then made to locate United States Coast Guard records only to learn that no accident report had been made.

In response to the defendant's motion the plaintiff has submitted a contra affidavit directed solely to the issue of excusable delay. The affidavit discloses that the plaintiff as the result of the accident in question was rendered paralyzed from the shoulders down as a tetraplegic. The affidavit further asserts that the severity of the plaintiff's injuries, a severe depression resulting from the knowledge that the paralysis was permanent, and the plaintiff's unfamiliarity with admiralty or maritime law concepts and a total unawareness of his legal rights precluded him from seeking legal advice until the early part of 1971. The defendant does not dispute that the plaintiff herein has suffered debilitating physical injuries but does note that ignorance of the law does not constitute a valid excuse for delay in bringing an action. Byrd v. M/V Yozgat (C.A.5, 1969), 420 F.2d 954, 955. Clearly no showing has been made that the plaintiff's injuries affected the plaintiff's thinking process so as to render him unable to intelligently discuss his case with an attorney. On the contrary the depositions of plaintiff, his parents and older brother unequivocally disclose that the

plaintiff was mentally alert following his accident and retained the capacity to recall events and converse intelligently and lucidly. Only an insensitive person would not feel concern and sympathy toward this unfortunate plaintiff, but the evidence simply does not show that plaintiff's debilitating physical impairments excused the inordinate delay in commencing this action.

■■ Further, the defendant in support of its motion has made a strong showing by means of affidavit and depositions that the delay in commencing this action and the failure to give the defendant prompt notice of the accident has severely retarded the ability of the defendant to prepare an adequate defense. The evidence of prejudice presented by the defendant is unrebutted in this record. It should be noted that the burden of persuasion is upon the plaintiff. Furthermore, the plaintiff against whom a motion for summary judgment has been filed may not rest upon the mere allegations or denials of his pleadings. Rule 56(e), Federal Rules of Civil Procedure, expressly provides that the adverse party "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." The plaintiff has not shown by affidavit, depositions, answers to interrogatories, proffers of proof or otherwise that there exist genuine issues of material fact on the issue of prejudice. The defendant's strong showing of prejudice stands undisputed in this record.

In its reply memorandum the plaintiff attempts to minimize the claims of prejudice disclosed by this record. The plaintiff asserts that the defendant's claim that it is no longer able to unequivocally establish the alignment of its vessels on the date of the accident is refuted by the fact that the plaintiff furnished to the defendant a set of photographs depicting portions of the defendant's fleet and its alignment. This contention ignores the fact that the deposition of Wilbur J. Keller discloses that the photographs in question were probably taken by him on the second morning following the accident. Thus the photographs turned over to the defendant do not accurately depict the fleet alignment on the day of the accident.

The plaintiff further contends that the defendant has not shown that it has been prejudiced by the unavailability of its night watchman and the employee in charge of lighting because there is no suggestion by the defendant that these witnesses possessed some peculiar knowledge that is not available from other witnesses. This argument ignores the fact that these unavailable witnesses were in the normal course of events in the best position to provide information pertinent to the plaintiff's claim that the mooring of the defendant's vessel created an unlawful obstruction of the river. The burden of persuasion is on the plaintiff and this burden is not satisfied by mere speculation or conjecture as to the content of the witnesses' testimony if they were available. Upon consideration of the excuses advanced by the plaintiff for the delay in commencing this action, the inference of prejudice resulting from the failure of the plaintiff to commence this action within the period of the two-year statute of limitations, and the undisputed evidence of prejudice presented by the defendant, the court finds that this action is barred by the defense of laches. The record presented herein discloses a classic example of a case wherein the delay on the part of the plaintiff in filing suit and the failure of the plaintiff to give the defendant prompt notice of his claim has precluded the defendant from reconstructing the facts of the accident and thereby prevented it from preparing an adequate defense.

Accordingly, the motion of the defendant for summary judgment is well taken and it hereby is sustained. This action hereby is dismissed on the ground that it is barred by the doctrine of laches.