**Mary SEARS,\* Petitioner,**

v.

**George E. SEARS,\* Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: May 12, 1983.
Decided: May 24, 1983.

---

\* A fictitious name utilized to protect the anonymity of the parties.

Joseph W. Weik, Wilmington, for petitioner.

Robert S. Weiner, Wilmington, for respondent.

GALLAGHER, Judge.

On November 17, 1980, this court ordered respondent (father) to pay to petitioner (mother) for the support of their two minor children, the sum of $280 per month, in bi-weekly installments of $129.23 each. The court must decide whether to grant the petition of mother as primary custodial parent for an order requiring father to pay to her $5,600 in child support arrears that accrued during approximately 20 months while mother concealed from father knowledge of her whereabouts and those of the children.

Mother seeks support arrears from father based on the following stipulated facts recited in the court's findings of April 22, 1983: Mother left the jurisdiction and then hid her whereabouts from father; father made no support payments during the period August 12, 1981 to April 22, 1983, because he did not know where mother and the children were living; and although father knew where relatives of mother were residing in this locale they continually advised him that they did not know where mother and the children were living.

Father and mother have a statutory duty to support their children. 13 *Del.C.* § 501(a). This duty has priority over any other support obligation. 13 *Del.C.* § 505(a)(1). However, the support obligation will be excused where the support obligor "has just cause for failing or refusing" to provide such support. 13 *Del.C.* § 506.

██ The obligation to pay child support and the right to child visitation normally are not regarded as being interdependent. *Shaw v. Shaw,* Del.Ch., 9 A.2d 258 (1939); *Lucy K.H. v. Carl W.H.,* Del.Fam., 415 A.2d 510 (1979); and *Annot.,* 8 A.L.R. 4th 1231 (1981). Thus, a mere denial of child visitation or removal of a child to a far place by a parent to whom support is to be paid, effectively denying visitation by the parent who is obliged to provide support, will not affect the child support obligation *provided* the child's whereabouts is known to the support payor. *Millard v. Taylor,* Del.Ch., 247 A.2d 436 (1968).

In *Shaw* the court ordered full payment of child support despite the fact that the custodial parent denied the non-custodial parent visitations on Thanksgiving Day and on at least 4 other unspecified occasions.

In *Lucy K.H. v. Carl W.H.,* supra, no relief was given to the non-custodial parent obligated to provide support where the custodial parent, in express violation of a court order, removed the children to Oslo, Norway. The court gave as reasons for its decision that at all times the father knew where the mother and the children were living and the order itself contained a penalty by way of forfeiture of marital property for such wrongful removal. Significantly, the court did recognize that visitation by a non-custodial parent is of great importance and that there may be situations where, equitably, "... a mutuality theory (should be applied) to a non-custodial parent's duty to support (and right to visit) the child."

Father contends that he is excused from providing child support for the period beginning August 12, 1981 and concluding April 22, 1983, because mother removed the children from the jurisdiction without his knowledge or consent and concealed her and their whereabouts from him during the entire period. He relies upon *Heinsohn v. Chandler,* Del.Ch., 2 A.2d 120 (1938) as supporting his argument.

It was held in *Heinsohn* that the support provisions of a separation agreement would

not be enforced on the suit of the custodial parent where that parent for a period of 7 months concealed from the non-custodial parent knowledge of the whereabouts of the children. In ruling upon the enforceability of spousal[1] and child support provisions of a separation agreement which also provided that the non-custodial parent had the right to have the children visit with him at reasonable times the court said:

> "At all events, the complainant went off with the two children whom the agreement committed to her custody to Cleveland. She did not tell the defendant her address. He casually learned it about seven months later. She did not let him know her name, ... (w)hat had become of his right to have the two children, whose custody he had entrusted to the complainant, visit him? For seven months he did not know of their whereabouts. Indeed it was not until the complainant came to Delaware to testify in this cause in April of this year, that he was able through habeas corpus proceedings to secure a definite arrangement for the children's visits ... The complainant breached the agreement relating to the right of the defendant to see the children and so disqualified herself against complaining." (2 A.2d at 124).

 There is, of course, a clear distinction between a case where a parent denies visitation or removes the child to a known far place from a case where the parent and a child simply disappear. Where visitation is denied a parent can petition for an order to compel visitation; and where a child is removed to a known far place it may still be possible to visit the child despite the inconvenience and expense or petition for the child's return. In these instances the support obligation will not be tolled. But where the parent obliged to provide support does not know where his child lives or whether he will ever see him again there is no way for him to furnish support and the parent who hides the child must of necessity assume the sole support obligation while the concealment continues.

The case at bar, like *Heinsohn,* and unlike the other cited Delaware cases, involves concealment from the father of the children's whereabouts by mother. Mother, by her own deliberate act, precluded any support contribution by father and thus took upon herself the sole obligation to provide child support during the concealment period. No satisfactory answer to mother's dilemna is provided by her suggestion that the support checks could have been mailed to one of her relatives since her relatives always denied knowledge of mother's whereabouts. Equity and good conscience prevent this court from requiring father to reimburse mother for support payments which she chose not to receive during the period of concealment. Father has now resumed his support payments. Only mother is out-of-pocket for the period of concealment and that is as it should be.

 I hold that mutuality is applicable to the situation where the whereabouts of a child is concealed from a parent obliged to provide child support. The duty to pay child support and the right to know the whereabouts of the child are interdependent. Concealment of the whereabouts of the child by the parent entitled to receive child support excuses the other parent from the obligation of paying such support during the time of concealment.

 Accordingly father has no obligation to reimburse mother for $5,600 in support arrears accruing during the period when mother prevented him from having knowledge of the whereabouts of the children. Any application for counsel fees should be submitted promptly.

IT IS SO ORDERED.

---

1. The force of the precedent to my mind is not diminished by the fact that spousal as well as child support were involved in the decision.