DOWNEY, Judge.
The circuit court dissolved the marriage of the parties in March 1978, and they agreed in October 1978 that the father would make child support payments of $100 per month. The court approved that agreement in an order dated October 26, 1978.
In October 1982 the mother filed a motion asking the court to enforce the order of October 26, 1978, alleging the father was in arrears in the amount of $4,700. At a hearing on that motion the mother admitted that shortly after the entry of the judgment of dissolution she had cashed a check in the amount of $6,087.20 that had been made payable to the joint order of the parties. The circuit court implicitly found the father was in arrears the $4,700 but felt that the mother’s cashing of the check was unauthorized, and so the court credited the father with the face amount of the check as a set-off on his child support payments, and the mother appealed.
As unpaid child support payments accrue they constitute a vested right not subject to modifications absent extraordinary facts justifying refusal to require the defaulting party to pay past due installments. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). Depending upon the circumstances, payments made for the benefit of the children may constitute a credit or set-off. However, in the present case, the father made no payments; rather, the mother apparently made unauthorized use of some of the father’s funds that were in her possession. Because he did not make child support payments when they were due, he was not entitled to a set-off for the mother’s unauthorized use of his funds. Child support payments are for the benefit of the child, and a custodial parent’s conduct does not estop that parent from enforcing the rights of the child. Dept. of Health & Rehab. Services v. Walker, 411 So.2d 347 (Fla. 2d DCA 1982).
The husband was not represented by counsel in the hearings below and no inquiry was ever made as to whether the wife had actually used all or part of the funds in question for support of the children. Had she done so there might well be demonstrated an equitable basis for some set-off or credit for the husband on his child support obligation.
Accordingly, it appears to us that in the interest of justice further inquiry should be made regarding the use of the $6,087.20 Social Security check so as to more equitably allocate the burden of the unpaid child support. Furthermore, some recognition should be made of the fact that all of the funds represented by the Social Security check did not belong to the husband.
The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED with directions.
ANSTEAD, C.J., and DELL, J., concur.