PER CURIAM.
The order under review dismissing the amended complaint herein is reversed and the cause is remanded to the trial court for *664 further proceedings upon a holding that the affirmative defense of laches does not appear on the face of the complaint as urged by the defendants below. Although arguably an inexcusable delay in bringing the subject action is alleged in the amended complaint, see Byrd v. M/V Yozgat, 420 F.2d 954, 955 (5th Cir.1969); Gildens v. Isbrandtsen Co., 355 F.2d 125, 128 (4th Cir.1966); Morales v. More-McCormack Lines, Inc., 208 F.2d 218, 221 (5th Cir. 1953); but cf. Larios v. Victory Carriers, Inc., 316 F.2d 63, 67 (2d Cir. 1963) (absence from country presented relatively strong excuse for delay), the element of prejudice to the defendants (an essential element of laches), see Gardner v. Panama Railroad, 342 U.S. 29, 31, 72 S.Ct. 12, 14, 96 L.Ed. 31, 36 (1951); Akers v. State Marine Lines, Inc., 344 F.2d 217, 220-21 (5th Cir.1965); VanMeter v. Kelsey, 91 So.2d 327, 331 (Fla.1956); Peacock v. Firman, 177 So.2d 560, 562 (Fla. 3d DCA), cert. denied, 183 So.2d 215 (Fla.1965), is expressly negated by allegations in the amended complaint that the defendant suffered no prejudice as a result of the aforesaid delay (Amended Complaint, para. 32). This being so, it was inappropriate at this point of the proceedings to dismiss the amended complaint as being barred by the affirmative defense of laches. See Sanchez v. Mercy Hospital, 386 So.2d 42, 43 (Fla. 3d DCA 1980); Paulos v. Vordermeier, 327 So.2d 245, 246 (Fla. 4th DCA 1976); Stern v. First National Bank of South Miami, 275 So.2d 58, 60-61 (Fla. 3d DCA 1973); Fla.R.Civ.P. 1.110(d).
Reversed and remanded.