525 So.2d 1029 (1988)
Thomas E. PARRISH, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Judith Lee Miller, Appellees.
No. 87-1449.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
*1030 Sam E. Murrell & Sons, Orlando, for appellant.
Harold E. Barker and Charles L. Carlton, of Carlton & Carlton, P.A., Lakeland, for appellee Judith Lee Miller.
No Appearance for Dept. of Health and Rehabilitative Services.
SHARP, Chief Judge.
Parrish appeals from a judgment assessing him $10,319.00 for arrearages in child support, plus costs and attorney's fees in a URESA proceeding. The current enforcement proceeding commenced as a motion for a contempt order. Parrish filed a motion to dismiss in which he sought to raise various defenses; and at the contempt hearing, he sought to prove the defense of laches, that he actually had paid child support to a person who had custody of the child (other than Miller) and to his former wife, and that the child actually had lived with him and had been supported by him during various time periods. The trial court refused to hear any evidence concerning Parrish's defenses; nor did it give him an opportunity to plead any defenses he might have had. We reverse.
The record on appeal in this case is sparse. In fact, we have had difficulty understanding the basis for the judgment rendered. Apparently, Miller and Parrish were married and resided in North Carolina, where Miller gave birth to their child on April 30, 1968. In 1977, Miller filed a URESA suit in North Carolina to obtain child support. Miller and Parrish were then divorced and Parrish was living in Daytona Beach, Florida.
Florida, as the responding state under URESA,[1] held a hearing and determined that Parrish was $4,160.00 in arrears for his child support obligations; and he was ordered to pay child support, apparently at the rate of $100.00 per month. At the time of the current proceeding, Parrish was $6,159.00 further in arrears. He had only made child support payments through the court, apparently as required by the 1977 court order, during 1984, 1985, and through April of 1986. Less those payments, the court found total arrearages of $10,738.00.
We reject, as did the trial court, Parrish's initial defense that Miller or HRS, as Florida's enforcement agency,[2] cannot bring a suit under URESA to enforce child support obligations after a child has attained the age of majority. Department of HRS v. Bachtal, 517 So.2d 787 (Fla. 2d DCA 1988); Massey v. Massey, 443 So.2d 294 (Fla. 3rd DCA 1983). Furthermore, section 88.012, Florida Statutes (1987) states:
It is further the legislative intent that the Revised Uniform Reciprocal Enforcement of Support Act is an appropriate statute under which to collect child support arrearages after the child is no longer dependent.
Parrish's orally asserted defense of laches or estoppel at the contempt hearing was inartfully presented. However, because he was not procedurally allowed to file affirmative defenses in that proceeding, we think the trial court should have given him an opportunity to plead and prove such defenses, prior to entering a judgment for arrearages, once it determined that the child was no longer a minor, and that contempt was an inappropriate enforcement vehicle. We stress, however, that the defense of laches or estoppel will successfully defeat a suit to recover accrued child support arrearages only upon proof of extraordinary facts or compelling circumstances, and where the child's welfare is not jeopardized. Robinson v. DHRS, 473 So.2d 228, 229 (Fla. 5th DCA); appeal dismissed, 478 So.2d 53 (Fla. 1985); Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985); see also Panganiban v. Panganiban, *1031 396 So.2d 1156 (Fla. 2d DCA 1981); Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967).
Unless part of an estoppel defense, we agree that Parrish should not be entitled to credit for the period of time the child lived with him. Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984) (trial court erred both in deciding that father did not have to pay child support for the period son stayed at his home and in allowing him a corresponding setoff). Such change of residence would have entitled Parrish to file a petition for modification, but having failed to do so, it is too late to seek this remedy retroactively. Past due child support payments constitute vested property rights which are not subject to modification. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Raybuck and cases cited therein, and those rights will be strictly enforced absent extraordinary or compelling circumstances. Department of Health and Rehabilitative Services v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985), review denied, 488 So.2d 829 (Fla. 1986); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986).
However, on remand Parrish should be afforded an opportunity to show he is entitled to a credit or setoff for payments made to the person who actually had custody of the child, at various periods. Hinton v. Reynolds, 442 So.2d 1111 (Fla. 4th DCA 1983) (Depending upon the circumstances, payments made for the benefit of the children may constitute a credit or setoff); Jimenez v. Jimenez, 309 So.2d 38 (Fla. 3rd DCA 1975) (Where it was undisputed that father had made payments for the benefit of his daughter, equitable considerations required he be given corresponding credit or setoff). Since the court orders requiring child support payments are not part of the record on appeal, we do not know, nor do we venture any opinion concerning whether they might limit Parrish's claim to credit for payments made not pursuant to the requirements of the court's order.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] § 88.031(17), Fla. Stat. (1987)
[2] See §§ 88.021 & 88.345, Fla. Stat. (1987).