541 So.2d 145 (1989)
Susan V. HOFFMAN, Appellant,
v.
Richard Paul FOLEY, Appellee.
No. 88-1158.
District Court of Appeal of Florida, Third District.
April 4, 1989.
Melvin A. Rubin, Miami, for appellant.
Genet & Milner North Miami Beach, and Paul E. Sawyer, III, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
This appeal presents a significant policy question never addressed directly by Florida courts, and on which courts of other states are divided: Whether a mother with custody of a minor child pursuant to a judgment dissolving the marriage, who removes the infant child from the jurisdiction and conceals its whereabouts for a period of five years, is entitled on a Uniform Reciprocal Enforcement of Support Act (URESA) claim to all child-support payments accruing during the five-year period *146 of concealment. The trial court ruled that on equitable principles the mother was not entitled to relief. We affirm.
Susan Hoffman and Richard Foley were married in 1975; their child, Jessica, was born two years later. Upon the parties' dissolution of marriage in 1979, Susan was awarded custody of Jessica. Richard was granted reasonable visitation rights. Shortly after the divorce, Susan remarried and without notice to Richard, moved from Florida to Phoenix, Arizona. For the next five years Jessica's whereabouts were unknown to Richard. During that five-year period Richard contacted missing children agencies and made other diligent efforts to locate the mother and child. Susan, on the other hand, took no steps to enforce support payments even though she knew where to find her former husband. She finally contacted Richard five years later and informed him of the child's whereabouts; he immediately resumed support payments and visitation.[1] Two years later Susan filed a URESA claim against Richard for child-support arrearages.
Susan contends that she is entitled to support arrearages under section 88.271, Florida Statutes (1987), which provides that the noncustodial parent's obligation to pay support is unaffected by any interference with visitation. See Baggett v. Walsh, 510 So.2d 1099 (Fla. 1st DCA 1987); Jones v. Jones, 471 So.2d 1363 (Fla. 3d DCA 1985). We agree that the duty of the noncustodial parent to support a child is independent of the custodial parent's duty to permit visitation. In Interest of D.F.W., 497 So.2d 925 (Fla. 5th DCA 1986); § 61.13(4)(b), Fla. Stat. (1987). See generally Annotation, Violation of Custody or Visitation Provision of Agreement or Decree as Affecting Child Support Payment Provision and Vice Versa, 95 A.L.R.2d 118 (1964). The reason for the rule is that when visitation is denied, the noncustodial parent has numerous legal remedies to enforce the judgment. See e.g., Henson v. Money, 273 Ark. 203, 617 S.W.2d 367 (1981) (duty to pay child support is independent of custodial parent's duty to allow visitation, as both may be enforced by the court); In re E.W.B., 441 So.2d 478 (La. App. 1983) (denial of visitation privileges does not justify failure to pay support since father has legal remedy if rights are violated). Sanctions include holding the custodial parent in contempt, see Martin v. Martin, 215 So.2d 80 (Fla. 1st DCA 1968), cert. denied, 222 So.2d 751 (Fla. 1969), and ordering a modification of custody. See Tessler v. Tessler, 539 So.2d 522 (Fla. 4th DCA 1989); § 61.13(3)(a), Fla. Stat. (1987).
Mrs. Hoffman's primary contention in this appeal is that the trial court erred in finding her guilty of laches and that laches is not an appropriate defense in a URESA proceeding. Laches, however, may be a valid defense to a URESA action for child support, see Parrish v. Department of Health and Rehab. Servs., 525 So.2d 1029 (Fla. 5th DCA 1988); Wood v. Hunter, 504 So.2d 553 (Fla. 4th DCA 1987); Robinson v. State Dep't of Health and Rehab. Servs., 473 So.2d 228 (Fla. 5th DCA 1985), upon a showing of extraordinary facts or compelling circumstances. Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). Application of the equitable principle requires a showing of delay by the person asserting a legal right and resultant injury or prejudice by reason of the delay, or a change in position or condition which renders it inequitable to enforce the legal right. Devine v. Department of Prof. Regulation, 451 So.2d 994 (Fla. 1st DCA 1984); Smith v. State, 506 So.2d 69 (Fla. 1st DCA 1987); see also Sorli v. I.M. Skaugen Management Co., 452 So.2d 663 (Fla. 3d DCA 1984). In determining whether laches is established to bar recovery in child-support cases, courts also consider the length and reasonableness of the delay in seeking support payments. See generally Annotation, Laches or Acquiescence as Defense, so as to Bar Recovery of Arrearages of Permanent Alimony *147 or Child Support, 5 A.L.R. 4th 1015 (1981).
In non-URESA child-support cases, courts focus on the action of the custodial parent  concealment of the child  as affirmative misconduct which equity will not condone. Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946) (court applied clean hands doctrine and denied support arrearages to custodial parent who concealed children); Sears v. Sears, 462 A.2d 1099 (Del. Fam. Ct. 1983); Pence v. Pence, 223 Ark. 782, 268 S.W.2d 609 (1954). Equitable defenses are not precluded by the URESA statute.
Recognizing first that the remedies for interference with visitation rights are not available where the custodial parent's whereabouts are unknown, courts have distinguished between interference with visitation and actual concealment of the child. In Solberg v. Wenker, 163 Cal. App.3d 475, 209 Cal. Rptr. 545 (1985), California's second appellate district affirmed a trial court's ruling in a URESA proceeding that a father was not required to pay support arrearages which accrued during the time the former wife concealed his minor children. California's fifth appellate district agreed noting "[h]owever appropriate [remedies for interference with visitation] may be when parties remain in the state and amenable to service of process, practical difficulties arise when one party is making purposeful efforts to hide." State of Wash. ex rel. Burton v. Leyser, 196 Cal. App.3d 451, 458, 241 Cal. Rptr. 812, 817 (1987) (holding that in a RURESA action to recover support arrearages accrued during period of concealment, mother waived any right to arrearages and was estopped from recovering arrearages for the time of her concealment).[2]
Similarly in Sears v. Sears, 462 A.2d 1099, 1101 (Del. Fam. Ct. 1983), the court recognized "a clear distinction between a case where a parent denies visitation or removes the child to a known far place from a case where the parent and child simply disappear" because in the former situation the parent is able to petition the court for enforcement or modification. The court concluded that concealment of the whereabouts of the child by the parent entitled to receive support excuses the payor parent from the obligation of paying support during the time of concealment. Contra State ex rel. Southwell v. Chamberland, 361 N.W.2d 814 (Minn. 1985). The out-of-state cases relying on estoppel[3] as a defense to a custodial parent's claim for child-support arrearages are not specific as to the prejudice or harm caused the noncustodial parent. Implicit, however, for theoretical purposes, is that the harm caused the noncustodial parent was deprivation of contact with the child. See Robinson v. State Dept. of Health & Rehab. Servs., 473 So.2d 228 (Fla. 5th DCA 1985) (laches applied where court found father was clearly prejudiced by fact that he surrendered his visitation rights  something that can never be recovered  in exchange for mother's agreement not to enforce the support order).
In this case, as in Robinson, the father was prejudiced by the mother's lengthy delay in seeking enforcement of the final judgment. If the mother had sought to enforce the support order after *148 her move to Arizona, the father would have been put on notice of the whereabouts of the parties' only child and could have exercised the remedies available where there is an interference with visitation rights.
There is competent and substantial evidence to support a conclusion that: (1) the father was prevented from making child-support payments for five years because of the mother's act of concealment; (2) an action was not commenced until an additional two years after the mother had made known the child's whereabouts; (3) the mother at all times during the seven-year period knew where to find her former husband; and (4) the father suffered prejudice because he was prevented from exercising his legal rights to visitation or to change of custody due to his lack of knowledge of the child's whereabouts. Either equitable principle, laches or estoppel, when applied to the facts, supports the judgment.
Affirmed.
NOTES
[1] Richard does not contest his duty to make prospective support payments. See Borring v. Winters, 620 S.W.2d 31 (Mo. App. 1981) (mother's concealment does not relieve father of obligation to pay future support).
[2] The first district declined to follow Solberg in Leeper v. Leeper, 236 Cal. Rptr. 242 (Cal. App. 1987), but that decision was depublished by the Supreme Court of California on July 16, 1987. Whether the act of depublishing an opinion, as practiced by the California supreme court, has precedential value is a subject of dispute. One writer notes that "depublication is most likely to occur in cases in which there is a difference of opinion within a court of appeals over the meaning or application of law in a specific substantive area." Dubois, The Negative Side of Judicial Decision Making: Depublication As A Tool Of Judicial Power And Administration On State Courts Of Last Resort, 33 Vill.L.Rev. 469, 502 (1988). Further, it is noted, court critics think that depublication has become an important tool of court substantive review to achieve ideological or policy goals held by the court's majority. Id. at 472.
[3] There is a close relationship between laches and estoppel but the terms are not synonymous. Hallam v. Gladman, 132 So.2d 198 (Fla. 2d DCA 1961). Laches may arise from unexcused inaction and resultant prejudice alone. Cone Bros. Constr. Co. v. Moore, 141 Fla. 420, 193 So. 288 (1940). Estoppel usually requires affirmative conduct. See City of Miami Beach v. State ex rel. Wood, 56 So.2d 520 (Fla. 1952).