736 So.2d 41 (1999)
STATE of Florida, DEPARTMENT OF REVENUE, By and on Behalf of Sherrie ROCHELL, Appellant,
v.
George MORRIS, Appellee.
No. 98-294.
District Court of Appeal of Florida, First District.
May 27, 1999.
Rehearing Denied July 16, 1999.
*42 Diane Tutt and Chriss Walker of Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellant.
Donna Bass, Tallahassee, for Appellee.
PER CURIAM.
In this action to enforce child support obligations under the Uniform Interstate Family Support Act (UIFSA), chapter 88, Florida Statutes (1997), the Department of Revenue, on behalf of Sherrie Rochell, appeals a final order which refused to enforce the child support provisions of a previously entered Florida final judgment and of a previously entered Georgia final judgment. The trial court based its ruling solely on the finding that Rochelle, the natural mother and custodial parent of the children for whom child support was ordered, obstructed visitation by George Morris, the appellee and natural father. We reverse.
It is well-established that a trial court may not condition the payment of child support, which is a vested right of the child, solely on a custodial parent's failure or refusal to comply with visitation obligations. See § 88.3051(4), Fla. Stat. (1997); Department of Revenue et al. v. David, 684 So.2d 308 (Fla. 1st DCA 1996). In addition, the order under review does not find that the natural mother engaged in such reprehensible conduct as to permit canceling or reducing the amount of the child support arrearage, see Department of Health and Rehabilitative Servs., et al. v. Burns, 654 So.2d 1014, 1015 (Fla. 1st DCA 1995); Department of Revenue et al. v. Strickler, 702 So.2d 277 (Fla. 1st DCA 1997), nor would the facts in the limited record, a stipulated statement of evidence prepared pursuant to rule 9.200(b)(4), Florida Rules of Appellant Procedure, support such a finding in the instant case.
The appellee argues that under UIFSA various affirmative defenses are available to him which would also support the trial court's decision. As the supreme court has recently reiterated, "[i]n some circumstances, even though a trial court's ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling." Dade County School Bd. v. Radio Station WQBA, 24 Fla. L. Weekly S71, S72, 731 So.2d 638, 644 (Fla.1999). For the appellee to argue for affirmance based upon the application of this so-called "tipsy coachman" rule, see Home Depot U.S.A., Co. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996), however, the appellee's argument on appeal must be supported by evidence in the record. Radio Station WQBA, 731 So.2d 638, 24 Fla. L. Weekly at S72-73. Although the appellee pled several affirmative defenses and argued the defense of laches on appeal, the record does not reflect an evidentiary basis sufficient to permit us to make a determination as to whether these defenses are applicable in the instant case. See Flanagan v. Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., 594 So.2d 776, 779 (Fla. 4th DCA 1992). Specifically, with regard to the claim of laches, the stipulated statement of evidence does not refer to any conduct on the part of the natural mother, especially after entry of the March 27, 1995 stipulated final judgment, which would support a finding that she delayed in asserting a legal right to the prejudice of the appellee. See Hoffman v. Foley, 541 So.2d 145, 146 (Fla. 3d DCA 1989). Appellee has made *43 no argument on appeal in support of other equitable defenses raised below. See Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983).
Accordingly, the challenged order is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.
VAN NORTWICK AND PADOVANO, JJ., CONCUR.
BENTON, J., CONCURS IN RESULT.