PER CURIAM.
The appellant, an inmate, challenges the order by which the trial court imposed a lien against his inmate account pursuant to section 57.081, Florida Statutes, in connection with his trial court mandamus petition. Because such liens are not authorized under section 57.081, we reverse the order under review. Cason v. Crosby, 892 So.2d 536 (Fla. 1st DCA 2005).
We reject the appellee’s argument on appeal that the order should be affirmed upon the theory that the trial court might have imposed the lien pursuant to section 57.085, Florida Statutes. The trial court specifically ruled in its order to show cause that, “[u]nder Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), this case is a ‘collateral criminal proceeding’ not subject to the fee deferral provisions of section 57.085, Florida Statutes[,]” and the appellee neither contested this ruling in the trial court nor filed a cross-appeal of the ruling in this court. And, in any event, the record in this case is not sufficiently developed for conclusive determination that the trial court’s ruling respecting the inapplicability of section 57.085 to this proceeding was erroneous. See, e.g., State Dept. of Reve *611 nue ex rel. Rochell v. Morris, 736 So.2d 41 (Fla. 1st DCA 1999).
The order under review is accordingly reversed, and this case is remanded to the trial court with instructions that the trial court direct a refund of any monies deducted from the appellant’s inmate account pursuant to the order under review.
BARFIELD and ALLEN, JJ., concur.
KAHN, C.J., dissents with opinion.