ROTHENBERG, J.
(dissenting).
The majority concedes that the trial court erred in summarily ruling on the merits of Wells Fargo’s asserted defenses, but premises its affirmance of the trial court’s order denying Wells Fargo’s motion to vacate the default final judgment in this foreclosure proceeding on the “tipsy coachman” doctrine. The majority, however, makes the same mistake this Court made in Robertson v. State, 780 So.2d 106 (Fla. 3d DCA 2001) (“Robertson I”), quashed by Robertson v. State, 829 So.2d 901 (Fla.2002) (“Robertson II”).
Robertson was charged with second degree murder following the shooting death of Maria Nelson. Robertson’s theory of defense was that the gun accidentally misfired while he was cleaning it, whereas the State claimed that Robertson intentionally shot Nelson during a domestic dispute. The State, during its cross-examination of Robertson and during the rebuttal testimony of Robertson’s ex-wife, was permitted to elicit testimony regarding prior threats by Robertson with the AK-47 that was used in the homicide. The argument raised below and on appeal was that the evidence was properly admitted as impeachment. However, in its en banc majority opinion, this Court, relying on the tipsy coachman doctrine, affirmed Robertson’s conviction on a ground not raised by the State and not considered by the trial court — that the evidence was properly admitted as Williams[1] rule evidence. On review, the Florida Supreme Court concluded that this Court’s affirmance on a ground not argued to the trial court was error because the record did not reflect an evidentiary basis sufficient to permit such a determination. Robertson II, 829 So.2d at 906-07; see also State, Dep’t of Revenue v. Morris, 736 So.2d 41, 42 (Fla. 1st DCA 1999) (noting that while in some circumstances the tipsy coachman doctrine may apply, affirmance based on this doctrine must be supported by evidence in the record).
In the instant case, the majority admits that the trial court erred in summarily ruling on the merits of Wells Fargo’s defenses, but affirms the trial court’s order denying Wells Fargo’s motion to vacate the default final judgment because Wells Fargo “failed to mention due diligence in its emergency motion or in its attached affidavit.” A review of the record, however, demonstrates why appellate courts *165 must be careful when basing their conclusions on arguments not raised in the trial court. The record reflects the following.
The case below involves a piece of property originally owned by Claudia Sanchez and conveyed to Andres Encalada, and a fraud committed by them against Wells Fargo and Leila Jidy (“Jidy”). Both Wells Fargo and Jidy appear to be innocent lenders in these transactions. On June 13, 2008, Sanchez conveyed her property by warranty deed to Encalada, and Encalada obtained a mortgage on the property from Wells Fargo (“the Wells Fargo mortgage”). Although Sanchez no longer owned the property, and because Encalada did not record the deed, Sanchez was able to obtain a mortgage on the property on July 3, 2008, from Jidy (“the Jidy mortgage”). The Jidy mortgage was recorded on August 7, 2008, and the Wells Fargo mortgage was recorded on August 20, 2008. Encalada then recorded his warranty deed on August 20, 2008. When Sanchez failed to make her payments on the Jidy mortgage, Jidy sought foreclosure on February 26, 2009.
On March 2, 2009, Wells Fargo was served with Jidy’s foreclosure complaint. When Wells Fargo failed to file a responsive pleading, default was entered against it on April 9, 2009, and a summary final judgment of foreclosure was entered on July 9, 2009. Two weeks later, on July 24, 2009, Wells Fargo filed an emergency motion to vacate the default and the default final judgment and to cancel the foreclosure sale. Along with its emergency motion, Wells Fargo included its proposed answer and an affidavit, and raised two affirmative defenses: (1) that it was entitled to equitable subrogation because when Wells Fargo issued its mortgage to Enca-lada on June 13, 2008 (the Wells Fargo mortgage), Wells Fargo paid off a preexisting mortgage lien on the property, and this occurred prior to the execution of the Jidy mortgage; and (2) that Jidy did not hold a valid mortgage because, when Sanchez obtained the Jidy mortgage, she already had conveyed the property to En-calada, thus divesting herself of any ownership interest in the property.
After considering the arguments of counsel at the hearing on Wells Fargo’s motion to vacate the default and the default final judgment and to cancel the foreclosure sale, the trial court granted the motion to vacate the default but denied Wells Fargo’s motion to vacate the final judgment because the court summarily ruled on the merits of the case, including Wells Fargo’s defenses, which the majority concedes was error. The majority, however, affirms the trial court’s order on the basis that Wells Fargo did not plead or raise at the hearing that it had exercised due diligence in seeking to vacate the default final judgment. This was error for a number of reasons.
First, a party seeking to vacate a default or a default final judgment must demonstrate excusable neglect, a meritorious defense, and due diligence. Gibson Trust, Inc. v. Office of the Attorney Gen., 883 So.2d 379, 382 (Fla. 4th DCA 2004); Coquina Beach Club Condo. Ass’n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002). Although the trial court denied Wells Fargo’s motion to vacate the default final judgment, the trial court granted Wells Fargo’s motion to vacate the default that was entered on April 9, 2009. Thus, arguably, Wells Fargo satisfied its burden in demonstrating excusable neglect, a meritorious defense, and due diligence, and Jidy has not cross-appealed the trial court’s ruling granting Wells Fargo’s motion to vacate the default.
Second, the transcript reflects that the trial court did not deny Wells Fargo’s motion to vacate the default final judgment on *166 the basis that it did not demonstrate excusable neglect or due diligence. In fact, the trial court made it clear that it was not denying the motion to vacate the default final judgment, on that basis, but stated that it was inclined to grant the motion but for its belief that, ultimately, Wells Fargo would not prevail:
And I am not denying your motion to vacate on the excusable neglect or any of that because I set aside defaults all the time and allow the party to go forward. I am denying it because I believe that as a matter of law there is no way to overcome the fact that you never recorded your judgment or your, your, your — either warranty deed or the mortgage of June 13 of '08 until you are telling me the date was August 20 of '08.... In the meantime the Jidy mortgage ... was filed on July 3 with the recording date of August the 7 of '08. And that precedes your recording of your mortgage of record.... So between two innocent parties the one who goes to Court and records I believe has priority. It would be a total waste of time to set it aside.
Jidy has not cross-appealed that ruling either.
Third, under the tipsy coachman doctrine, the record must reflect an evidentia-ry basis to support the majority’s affir-mance on a ground not relied on by the trial court in its order. Robertson II, 829 So.2d at 906-07; Morris, 736 So.2d at 42. Thus, it is the majority’s burden to demonstrate that sufficient evidence supports its conclusion. Rather than satisfying its burden with record support, the majority simply concludes that because Wells Fargo did not argue due diligence or address it in its affidavit, we should affirm. In addition to improperly shifting the burden, the premise upon which the majority reaches its conclusion is false. The affidavit in support of the motion to vacate the default and default final judgment and to cancel the sale avers that when Wells Fargo was served with the complaint, it did not identify Sanchez (the named defendant) because Sanchez is not a mortgagee of Wells Fargo (Encalada is its mortgagee). The affidavit further avers:
6. As a result, the Summons and Complaint was inadvertently not processed correctly by WELLS FARGO BANK, N.A. and was not forwarded to counsel in a timely manner in order for counsel to respond to the Complaint.
7. Defendant was not aware a Default had been entered against it in this case.
8. It was not until this case was referred to legal counsel to file a foreclosure action that Defendant, WELLS FARGO BANK, N.A., became aware of the default.
(Emphasis added).
Thus, contrary to the majority’s claim, the affidavit does plead due diligence. The record also reflects that Wells Fargo’s emergency motion to set aside the default and default final judgment, and the accompanying affidavit, answer, and affirmative defenses, were filed on July 24, 2009, only two weeks after the order granting summary final judgment was filed.[2]

Conclusion

The trial court granted Wells Fargo’s motion to vacate the default, thus arguably finding that Wells Fargo satisfied its burden in demonstrating excusable neglect, due diligence, and a meritorious defense. That ruling has not been appealed. The trial court, however, denied Wells Fargo’s motion to vacate the default final judgment *167 solely on the ground that the trial court did not believe Wells Fargo would ultimately prevail. This was error requiring a reversal. The trial court’s order cannot be affirmed under the tipsy coachman doctrine on the basis that Wells Fargo did not sufficiently plead due diligence as the record does not support this conclusion. Therefore, the majority’s reliance on this ground, which was not pled, argued, or preserved below, is error. Accordingly, I respectfully submit this dissent.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. The order granting Jidy summary final judgment was filed on July 9, 2009.